UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Ocala Division

| | |
|---|---|
| REGINA ALONSO,<br><br>    Plaintiff,<br><br>    v.<br><br>Google LLC, YouTube LLC, James JACKSON, also known online as "ONISION," and LUCAS JACKSON, formerly known online as "LAINEYBOT," "LAINEY" and "KAI,"<br><br>    Defendants. | CASE No: 5:23-CV-00091-JA-PRL |

**DEFENDANTS YOUTUBE AND GOOGLE'S OPPOSITION TO
THE JACKSON DEFENDANTS' MOTION TO TRANSFER THE CASE
TO THE WESTERN DISTRICT OF WASHINGTON**

Defendants YouTube, LLC and Google LLC (collectively "YouTube") intend to bring a motion to dismiss the Plaintiff's Complaint in the coming weeks. In the meantime, Defendants James Jackson and Lucas Jackson (together, "the Jackson Defendants") have filed a motion to dismiss under Fed. R. Civ. P. 12(b)(2) and (6), or, in the alternative, to transfer the case to the Western District of Washington. ("Mot.") (Doc. 33). YouTube takes no position on the Jackson Defendants' Rule 12 Motion to Dismiss, which seeks dismissal of the claims against them for lack of personal jurisdiction and failure to state a claim. But YouTube opposes Defendants' motion to transfer this case to the Western District of Washington because the Jackson Defendants have waived

their right to seek the transfer of a YouTube-related case based on their convenience and private interests. As YouTube users, who created YouTube channels through which they uploaded videos to the YouTube service, the Jackson Defendants expressly agreed to YouTube's Terms of Service, which includes an agreement that "[a]ll claims arising out of or relating to these terms or the Service . . . will be litigated exclusively in the federal or state courts of Santa Clara County, California." Declaration of Nathan M. Berman ("Decl.") ¶ 2 (quoting https://www.youtube.com/t/terms). Accordingly, the only federal venue to which the Jackson Defendants could plausibly seek a transfer is the Northern District of California.[1]

## I.      BACKGROUND

YouTube allows visitors to access and use its service—including by creating channels and uploading videos free of charge—provided they agree to its Terms of Service ("Terms"). *See* Compl. (Doc. 1) ¶¶ 25-26, 80-81. In order to create a channel and upload content to YouTube, every user is required to accept the Terms. The Jackson Defendants created YouTube channels that

---

[1] The Jackson Defendants wrongly style their motion to transfer as a motion under the doctrine of *forum non conveniens*. Mot. at 14. The motion should either be denied because *forum non conveniens* does not provide for transfer to another federal district, or construed as a motion for change of venue under 28 U.S.C. § 1404(a). YouTube construes it as a § 1404(a) motion, because "for the subset of cases in which the transferee forum is within the federal court system" like the Western District of Washington, "Section 1404(a) is . . . a codification of the doctrine of *forum non conveniens*." *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for the W. Dist. of Tex.*, 571 U.S. 49, 60 (2013). The effect of a forum-selection clause is the same with respect to motions under *forum non conveniens* and § 1404(a). *See id.* at 60-61.

they used to post numerous videos to YouTube, and they affirmatively agreed to the Terms as part of the process of doing so. *See* Compl. ¶ 8 (alleging that James Jackson created his first YouTube channel in 2006); Mot. at 3 (acknowledging that "James Jackson created a YouTube channel and began posting videos").

At all times relevant here, the Terms included an express forum-selection clause designating Northern California courts as the exclusive venue for litigation arising out of or relating to the YouTube Service. This is the version of the provision applicable to all current users:

> All claims arising out of or relating to these terms or the Service will be governed by California law, except California's conflict of laws rules, and will be litigated exclusively in the federal or state courts of Santa Clara County, California, USA. You and YouTube consent to personal jurisdiction in those courts.

Decl. ¶ 2. "Service" is a defined term in the Terms that encompasses "the YouTube platform and the products, services and features we make available to you as part of the platform[.]" *Id.* at ¶ 3. Santa Clara County, California lies within the Northern District of California. *See* 28 U.S.C. § 84(a).

Plaintiff filed suit on February 8, 2023, alleging (wrongly) that YouTube is liable under federal sex trafficking laws because it allowed Defendant James Jackson to create a YouTube channel and shared the associated advertising revenue. Compl. ¶¶ 227-39, 254-91 (Counts II, IV-V). On April 20, 2023, the Jackson Defendants filed their motion to dismiss or in the alternative to

3

transfer. (Doc. 33). YouTube's response to the Complaint is due on or before May 15, 2023. *See* Order (Doc. 25).

## II.  ARGUMENT

### A.  The Jackson Defendants Agreed to a Valid and Enforceable Forum-Selection Clause that Applies to this Case.

It is indisputable that the Jackson Defendants agreed to YouTube's Terms. And the broad forum-selection clause in YouTube's Terms encompasses this dispute. The clause covers all claims that "aris[e] out of or relat[e] to these terms or the Service". The phrase "arising out of" is interpreted broadly and covers "all causes of action arising directly or indirectly from the business relationship evidenced by the contract." *Stewart Org., Inc. v. Ricoh Corp.*, 810 F.2d 1066, 1070 (11th Cir. 1987), *aff'd* 487 U.S. 22 (1988) (interpreting clause referring to claims or actions "arising under or in connection with"); *accord Vernon v. Stabach*, No. 13-62378-CIV, 2014 U.S. Dist. LEXIS 63055, at *12-13 (S.D. Fla. May 7, 2014) ("[W]here the contracts at issue contain a broad forum-selection clause applying to 'any suit . . . arising out of or in connection with' an agreement, federal courts have had no trouble finding statutory and tort claims 'arising directly or indirectly from the relationship evidenced by the contract' to fall within the scope of the clause.") (citations omitted). Though YouTube does not believe that Plaintiff has stated a viable claim against YouTube, her injuries are allegedly attributable to a "venture" that includes

YouTube. Compl. ¶¶ 239, 268, 271, 285, 288. Such a claim "arises out of" the YouTube Service. Plaintiff also cites the YouTube Terms of Service several times, making clear that her claims, at least as alleged, "relate" to the Terms as well. *Id.* ¶¶ 25-26, 35, 80-81, 84, 120. The broad language of the Terms' forum-selection clause readily encompasses Plaintiff's claims.

Forum-selection clauses are "presumptively valid and enforceable" absent a "strong showing" that "enforcement would be unfair or unreasonable under the circumstances." *Krenkel v. Kerzner Int'l Hotels Ltd.*, 579 F.3d 1279, 1281 (11th Cir. 2009) (per curiam); *see also Turner v. Costa Crociere S.p.A.*, 9 F.4th 1341, 1345 (11th Cir. 2021) (same). And YouTube's forum-selection clause in particular has been held valid and enforceable in an unbroken line of cases. *See, e.g.*, *Trump v. YouTube, LLC*, No. 1:21-cv-22445-KMM, 2021 U.S. Dist. LEXIS 258273, at *22-23 (S.D. Fla. Oct. 6, 2021) (transferring case to N.D. Cal. pursuant to forum-selection clause in YouTube's Terms of Service); *Kifle v. YouTube LLC*, No. 1:21-CV-00238-JPB, 2021 WL 3924795, at *3 (N.D. Ga. Mar. 12, 2021) (same); *Lewis v. Google, Inc.*, No. 19-CV-2387-WJM-KLM, 2019 WL 10749715, at *3 (D. Colo. Dec. 31, 2019) (same); *Muhammad v. YouTube, LLC*, No. 18-836-SDD-EDW, 2019 WL 2338503, at *3 (M.D. La. June 3, 2019) (same); *Seaman v. YouTube, LLC*, No. 3:18-cv-833-HEH, Dkt. 20 at 1 (E.D. Va. Apr. 5, 2019) (same) (attached as Exhibit "A"); *Song Fi, Inc. v. Google Inc.*, 72 F. Supp. 3d 53, 64 (D.D.C. 2014) (same).

The forum-selection provision is also mandatory. It states that covered claims "***will*** be litigated ***exclusively*** in the federal or state courts of Santa Clara County, California[.]" Decl. ¶ 2 (emphasis added); *see also, e.g.*, *Trump*, 2021 U.S. Dist. LEXIS 258273, at *23 ("[T]he Court finds the terms of the forum-selection clause to be both mandatory and unambiguous."); *DeLima v. Google, Inc.*, Civil No. 1:19-cv-978-JL, 2021 U.S. Dist. LEXIS 15751, at *24 (D.N.H. Jan. 28, 2021) ("Any future claim arising out of the AdSense or similar agreement for Google-owned services, however, must be brought in the Northern District of California as a result of the presumptively enforceable and mandatory forum selection clause in that agreement and Google and YouTube's general terms of service."). Under the clear terms of the governing agreement, the Jackson Defendants agreed to a binding requirement to resolve these claims in the Northern District of California, not the Western District of Washington.

### B. The Jackson Defendants Have Waived the Private-Interest Arguments they Invoke in Support of Transfer.

"[A] valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases." *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for the W. Dist. of Tex.*, 571 U.S. 49, 63 (2013) (citation omitted); *accord Turner*, 9 F.4th at 1348-49 (enforcing forum-selection clause requiring litigation in Genoa, Italy); *GDG Acquisitions LLC v. Gov't of Belize*, 749 F.3d 1024, 1028

8748111.1

(11th Cir. 2014) (explaining that "an enforceable forum-selection clause carries near-determinative weight"). Following *Atlantic Marine*, courts in this district have routinely enforced forum-selection clauses by transferring cases to the appropriate forum. *See, e.g.*, *Nailcare Acad. LLC v. Medinails, Inc.*, No. 2:21-cv-405-SPC-NPM, 2022 U.S. Dist. LEXIS 2967, at *13-14 (M.D. Fla. Jan. 6, 2022) (transferring case consistent with forum-selection clause); *Johnson v. Thor Motor Coach, Inc.*, No. 8:18-cv-1146-T-26CPT, 2018 U.S. Dist. LEXIS 120673, at *5 (M.D. Fla. July 19, 2018) (same); *Yakich v. Verathon, Inc.*, No. 8:16-cv-2246-T-17JSS, 2017 U.S. Dist. LEXIS 118929, at *10-11 (M.D. Fla. Mar. 9, 2017) (same); *Moisttech Corp. v. Sensortech Sys.*, No. 8:15-cv-00434-EAK-TBM, 2015 U.S. Dist. LEXIS 83392, at *23 (M.D. Fla. June 26, 2015) (same). Here, the forum-selection clause prevents the Jackson Defendants from obtaining a transfer to a forum other than the one they previously agreed to for YouTube-related cases: the Northern District of California. *See Sundesa v. IQ Formulations, LLC*, No. 2:19-cv-06467-AB-MAA, 2020 U.S. Dist. LEXIS 247936, at *14 (C.D. Cal. Aug. 19, 2020) ("As the party seeking to challenge the forum selection clause, and avoid its enforcement, Defendant has failed to meet its burden of establishing that the public interest factors warrant transfer.").

That is true regardless of any inconvenience to the Jackson Defendants—under *Atlantic Marine* their private interests in having this case heard in a different forum drop out of the analysis. *Atl. Marine*, 571 U.S. at 64.

Accordingly, "a court evaluating a defendant's §1404(a) motion to transfer based on a forum-selection clause should not consider arguments about the parties' private interests." *Id.* "[A] district court may consider arguments about public-interest factors only. . . . Because those factors will rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases." *Id.*; *see also id.* at 62 n.6 (discussing the difference between private interest and public-interest factors). The older Eleventh Circuit authorities cited by the Jackson Defendants are not to the contrary—the Jackson Defendants simply ignore the existence of the forum-selection clause. Mot. at 14-16 (citing *Sibaja v. Dow Chemical Co.*, 757 F.2d 1215, 1218-19 (11th Cir. 1985) and *Leon v. Million Air, Inc.*, 251 F.3d 1305, 1310-11 (11th Cir. 2001)). In any event, *Atlantic Marine* controls.

Contrary to the pronouncement of *Atlantic Marine*, the Jackson Defendants primarily rely on "strong private factors weighing in favor of the suit being litigated where they reside" to justify a transfer. Mot. at 16; *see also id.* at 17 (citing the inconvenience of litigating "thousands of miles away from their home" and claiming that "any forensic inquiry would have to be conducted" in Washington). But because they already agreed that this dispute should be heard in a different forum, these private-interest factors should be disregarded and cannot justify moving this case to the Western District of Washington.

And though the Jackson Defendants argue that judicial economy would be served by consolidating this case with the related case *Unknown Party v. Google LLC*, 1:23-cv-00223 (W.D. Mich.), it is speculative that consolidation would take place in the Western District of Washington. That would require the presiding judge in *Unknown Party* to also grant a transfer to the Western District of Washington despite the Jackson Defendants' earlier agreement to litigate YouTube-related cases in the Northern District of California. The Jackson Defendants have come nowhere close to satisfying their "burden of showing that public-interest factors overwhelmingly disfavor a transfer" to the Northern District of California. *Atl. Marine*, 571 U.S. at 67. Rather, in both cases, YouTube's forum-selection clause controls and if any transfer is granted, it should be to the Northern District of California.

## III.  CONCLUSION

The Jackson defendants agreed to a contract designating the Northern District of California as the proper forum to hear disputes related to the YouTube Service. The Court should not allow them to "flout[] [their] contractual obligation" and seek to have this suit litigated in "a different forum" from the one to which they already agreed. *Atl. Marine*, 571 U.S. at 64. The Jackson Defendants' transfer motion should be denied.

Dated: May 2, 2023                              ZUCKERMAN SPAEDER LLP


By: */s/Nathan M. Berman*
NATHAN M. BERMAN
FBN: 0329230
nberman@zuckerman.com
101 E. Kennedy Blvd., Suite 1200
Tampa, Florida 33602
Telephone: (813) 221-1010
Facsimile: (813) 223-7961


WILSON SONSINI GOODRICH
& ROSATI
Professional Corporation

BRIAN M. WILLEN (*pro hac vice*)
bwillen@wsgr.com
BENJAMIN MARGO (*pro hac vice*)
bmargo@wsgr.com
1301 Avenue of the Americas, 40th Floor
New York, NY 10019-6022
Telephone:  (212) 999-5800

AMIT Q. GRESSEL (*pro hac vice*)
agressel@wsgr.com
One Market Street
Spear Tower, Suite 3300
San Francisco, CA 94105
Telephone: (415) 947-2000

Attorneys for Defendants
GOOGLE LLC and YOUTUBE, LLC

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 2, 2023, I electronically filed the foregoing with the Clerk of Court by using the Court's CM/ECF system thereby serving all registered users in this case.

*/s/ Nathan M. Berman*
Nathan M. Berman
