# Exhibit A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# Richmond Division



DAVID SEAMAN, )
)
Plaintiff, )
)
v. ) Civil Action No. 3:18-CV-833–HEH
)
YOUTUBE, LLC and GOOGLE, LLC, )
)
Defendants. )

## MEMORANDUM ORDER
### (Transferring Venue to the Northern District of California)

THIS MATTER is before the Court on Defendants YouTube, LLC, and Google, LLC's ("YouTube" and "Google", or collectively "Defendants") Motion to Transfer Case (ECF No. 14) and Motion to Dismiss (ECF No. 13). Defendants petitioned the Court to transfer venue to the Northern District of California pursuant to the forum-selection clause in YouTube's Terms of Service, or alternatively, to dismiss the case. The parties filed memoranda supporting their respective positions. Upon due consideration of the parties' arguments, and for the reasons that follow, the Court will transfer venue to the United States District Court for the Northern District of California.

On December 3, 2018, Plaintiff filed suit against Defendants, alleging numerous constitutional, statutory, and common-law claims under federal and state law. (Compl. 1–2, ECF No. 1). Plaintiff's claims arise from Defendants' suspension of his YouTube account for violation of policies governing video content uploaded to YouTube's website. (*Id.* 3–7.) According to Defendants' records, Plaintiff opened his account with YouTube

on October 8, 2008. (Defs.' Mem. Supp. Mot. to Transfer, or in the Alternative, to Dismiss 3, ECF No. 15.) When creating a YouTube account, users must agree to the platform's Terms of Service. (*Id.* at 5.) For the time that Plaintiff has held a YouTube account, the Terms of Service have provided that any claims arising from the use of YouTube's services must be filed within the Northern District of California.[1] (*See* Defs.' Aff. Decl., Exs. 1 & 2, ECF No. 15-1.) Thus, this Court must consider whether to transfer this case to the Northern District of California pursuant to 28 U.S.C. § 1404.

It is within the Court's discretion to decide whether a transfer is proper under 28 U.S.C. § 1404(a). *BHP Int'l Inv., Inc. v. Online Exch., Inc.*, 105 F. Supp. 2d 493, 498 (E.D. Va. 1992). "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have

---

[1] The forum selection clause from YouTube's current Terms of Service, updated in February 2018 states:

> These Terms of Service shall be governed by the internal substantive laws of the State of California, without respect to its conflict of laws principles. Any claim or dispute between you and YouTube that arises in whole or in part from the Service shall be decided exclusively by a court of competent jurisdiction located in Santa Clara County, California.

(Defs.' Aff. Decl., ¶ 2, Ex. 1 § 14.) The original forum selection clause in effect in October 2018, when Plaintiff first opened an account, stated:

> These Terms of Service shall be governed by the internal substantive laws of the State of California, without respect to its conflict of laws provisions. Any claim or dispute between you and YouTube that arises in whole or in part from the YouTube Website shall be decided exclusively by a court of competent jurisdiction located in San Mateo County, California.

(Defs.' Aff. Decl., ¶ 2, Ex. 2 § 11.)

2

consented." 28 U.S.C. § 1404(a). The burden is on the movant to show that a transfer is proper. *BHP Int'l Inv., Inc.*, 105 F. Supp. 2d at 498.

While there are numerous factors that the Court considers when deciding whether a transfer of venue is proper, *see One Beacon Ins. Co. v. JNB Storage Trailer Rental Corp.*, 312 F. Supp. 2d 824, 828 (E.D. Va. 2004), "[t]he calculus changes . . . when the parties' contract contains a valid forum-selection clause, which 'represents the parties' agreement as to the most proper forum.'" *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 63 (2013) (citing *Stewart Org., Inc. v Ricoh Corp.*, 487 U.S. 22, 31 (1988)). "When the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in the clause. Only under extraordinary circumstances unrelated to the convenience of the parties should a § 1404(a) motion be denied." *Id.* at 62.

Consequently, Defendants argue that this Court should transfer venue to the Northern District of California on the basis that the parties agreed to a valid forum selection clause. In opposition, Plaintiff states three reasons as to why enforcing the clause would be improper.[2] According to Plaintiff, the clause (1) only applies to claims against YouTube and not those against Google; (2) is ambiguous; and (3) is unconscionable. (Pl. Mem. in Opp'n to Defs.' Mot. Transfer or Dismiss 11–12.) The Court will address each argument in turn.

---

[2] Plaintiff primarily used the traditional factors to evaluate the proper venue. *See One Beacon Ins. Co.*, 312 F. Supp. 2d at 828 (E.D. Va. 2004); (Pl. Mem. Opp'n Defs.' Mot. Transfer or Dismiss 4–11.) However, as already noted, this analysis is altered under current Supreme Court precedent pertaining to forum-selection clauses. *See Atl. Marine Constr. Co.*, 571 U.S. 49, 63 (2013).

3

First, Plaintiff claims that the forum-selection clause's application to disputes between "you and YouTube" does not apply to Google. (*Id.* at 11.) However, other courts have applied this forum-selection clause in YouTube's Terms of Service to both Google and YouTube. *See, e.g., Blitz v. Google, Inc.*, Civ. No. 18-00059 DKW, 2018 WL 3340567, *3 (D. Haw. July 6, 2018) (applying YouTube's forum-selection clause to Google as the claims stemmed from YouTube); *Song fi, Inc. v. Google, Inc.*, 72 F. Supp. 3d 53, 56 n.1 (D.D.C. 2014) (treating Google and YouTube jointly in their analysis of the forum-selection clause). Further, Google is a party to this lawsuit because it "controls and operates" YouTube. (Compl. ¶ 18.) Thus, the forum-selection clause applies to Google, especially as the claims arise from YouTube's platform and policies.

Before addressing Plaintiff's claimed deficiencies with the Terms of Service, the Court must determine which state's contract law governs review. A federal district court exercising diversity jurisdiction applies the choice-of-law rules of the forum state. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496–97 (1941). There is a choice of law provision present in the Terms of Service. (Defs.' Aff. Decl. Ex. 1 § 14.) While Virginia law "always . . . give[s] effect except under exceptional circumstances," *Tate v. Hain*, 25 S.E.2d 321, 325 (Va. 1943), to a choice-of-law provision, the Court looks to the law of the forum state to evaluate its validity. *Pyott–Boone Elecs. Inc. v. IRR Trust for Donold L. Fetterolf Dated Dec. 9, 1997*, 918 F. Supp. 2d 532, 542–43 (W.D. Va. 2013).

Under Virginia law, "the law of the place where the contract was formed applies when interpreting the contract and determining its nature and validity." *Dreher v. Budget Rent-A-Car System, Inc.*, 634 S.E.2d 324, 327 (Va. 2006) (citations omitted). "The place

4

of contracting is determined by the location of the last act necessary to complete the contract." *Rahmani v. Resorts Int'l Hotel, Inc.*, 20 F. Supp. 2d 932, 934 (E.D. Va. 1998). Here, the last act necessary to complete the contract was Plaintiff accepting the terms of service in order to access the account. Plaintiff asserts that he is a resident of Washington, D.C., (Compl. ¶ 13), and, while not evident in the record, the Court will assume that he accepted the terms in his place of domicile, Washington, D.C. Thus, the Court will apply Washington D.C. law to evaluate the choice-of-law provision. *See Dreher*, 634 S.E.2d 324, 327 (Va. 2006). Under Washington D.C. law, the Court will follow the choice-of-law provision in the Terms of Service because of the clear expression of the intent of the parties in the plain language of the terms. *See supra n.1*; *Vaughan v. Nationwide Mut. Ins. Co.*, 702 A.2d 198, 200–201 (D.C. 1997) ("'The law of the state chosen by the parties to govern their contractual rights and duties will be applied if the particular issue is one which the parties could have resolved by an explicit provision in the agreement directed to that issue'" (quoting Restatement (Second) of Conflict of Laws § 187)). Thus, according to its terms, the Court will apply California law to analyze Plaintiff's challenges to enforcement of the forum-selection clause. *See id.*; (Defs.' Aff. Decl., Ex. 1 § 14.)

The Court now turns to Plaintiff's second contention that the forum selection clause is ambiguous as "[t]he phrase 'from the Service' could mean anything." (Pl.'s Mem. Opp'n Defs.' Mot. Transfer or Dismiss 11.) Under California law, "[i]t is a general rule that in construing contracts, the written instrument is the first and highest evidence as to the intent of the parties in executing a contract." *Pope v. Allen*, 37 Cal.

5

Rptr. 371, 375 (Cal. Dist. Ct. App. 1964). The first section of the Terms of Service defines "the Service" as "using or visiting the YouTube website or any YouTube products, software, data feeds, and services provided to you from, on or through the YouTube website (collectively the 'Service')." (Defs.' Aff. Decl., Ex. 1 § 1.) While Plaintiff claims that the term "from the Service" is vague, looking at the plain terms to which he agreed, the "Service" has a clear and concrete definition and is not ambiguous.

Third, Plaintiff argues that the forum-selection clause is unconscionable. (Pl. Mem. Opp'n Defs.' Mot. Transfer or Dismiss at 12.) To demonstrate unconscionability, the Plaintiff must prove two elements, one procedural, showing there was "oppression or surprise due to unequal bargaining power," and one substantive, demonstrating that there were "overly hard or one-sided results." *Armendariz v. Found. Health Psychcare Servs., Inc.*, 836 P.3d 669, 690 (Cal. 2000). Neither of these elements are present in this case. First, Plaintiff was not surprised or oppressed as he had the opportunity to review the Terms of Service before accepting them. Second, there are no one-sided results present in the contract; upon accepting the terms and rules for using YouTube, Plaintiff could then use YouTube's services. Hence, the forum-selection clause is not unconscionable and is valid.

Therefore, upon due consideration, and finding it appropriate to do so, the Court HEREBY GRANTS Defendants' Motion to Transfer Case (ECF No. 14) and ORDERS that this matter be TRANSFERRED to the Northern District of California, pursuant to 28 U.S.C. § 1404(a).

6

The Clerk is directed to transfer this case to the Northern District of California and send a copy of this Memorandum Order to all counsel of record.

It is so ORDERED.

                                                    /s/  
                                        Henry E. Hudson  
                                        Senior United States District Judge

Date: April 5, 2019  
Richmond, Virginia