# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

| | |
|---|---|
| REGINA ALONSO, | |
| Plaintiff, | |
| v. | |
| GOOGLE LLC, YOUTUBE LLC, JAMES JACKSON, also known online as "ONISION," and LUCAS JACKSON, formerly known online as "LAINEYBOT," "LAINEY" and "KAI," | CASE NO.: 5:23-CV-91-JA-PRL |
| Defendants. | |

**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANTS
JAMES AND LUCAS JACKSON'S MOTION TO DISMISS COMPLAINT
FOR LACK OF PERSONAL JURISDICTION, FAILURE TO STATE A CAUSE
OF ACTION, OR DISMISSAL AS A SHOTGUN PLEADING**

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ................................................................................III

**STATEMENT OF FACTS** ................................................................... 1

**ARGUMENT** ....................................................................................... 2

I.    DISMISSAL IS NOT PROPER UNDER RULE 12(b)(2), BECAUSE
PLAINTIFF'S CLAIMS HAVE STATUTORY NATIONAL JURISDICTION ........ 2

    A.    Claims Arise Under Federal Law with Nationwide Service of Process .... 4

    B.    Claims Conform with Due Process ........................................................ 5

    C.    Other Claims Have Pendent Personal Jurisdiction ................................. 9

    D.    Defendant's Motion to Transfer Venue Pursuant to Forum Non-
Convenience Should be Denied ...................................................... 10

II.    THE JACKSON DEFENDANTS' MOTION TO DISMISS PURSUANT TO
RULE 12(B)(6) SHOULD BE DENIED, AS PLAINTIFF HAS ADEQUATELY
PLED COUNTS 1, 2, AND 5 .................................................................. 12

    A.  Counts 1 and 2 – Direct and Beneficiary Sex Trafficking Claims; 18 U.S.C. §
1595; 1591 ....................................................................... 12

    B. Count 5 – Civil Remedies for Personal Injuries Related to Coercion and
Enticement, 18 U.S.C. § 2255; 2422 .................................................. 16

III.    THE COMPLAINT IS NOT A SHOTGUN PLEADING ............................ 17

**CONCLUSION** ................................................................................ **20**

# TABLE OF AUTHORITIES

## Cases

*Action Embroidery Corp. v. Atlantic Embroidery, Inc.*, 368 F.3d 1174

(9th Cir. 2004) ............................................................................................. 9

*Anderson v. Dist. Bd. of Trustees of Cent. Fla. Cmty. Coll.*, 77 F.3d 364

(11th Cir. 1996) ......................................................................................... 19

*Application to Enforce Admin. of Subpoenas of S.E.C. v. Knowles*, 87

F.3d 413 (10th Cir.1996) ............................................................................. 5

*Ardolf v. Weber*, 332 F.R.D. 467 (S.D.N.Y. 2019) ....................................... 16

*Busch v. Buchman, Buchman & O'Brien*, 11 F.3d 1255 (5th Cir. 1994) ........ 5

*Consol. Dev. Corp. v. Sherritt, Inc.*, 216 F.3d 1286 (11th Cir.2000) .............. 4

*Durham v. LG Chem, Ltd.*, No. 21-11814, 2022 WL 274498 (11th Cir. 2022) ........... 3, 5

*Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677 (2006) ......... 4

*ESAB Group, Inc. v. Centricut, Inc.*, 126 F.3d 617 (4th Cir. 1997) ............... 9

*Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1 (1983) ...... 4

*Go–Video, Inc. v. Akai Elec. Co.*, 885 F.2d 1406 (9th Cir. 1989) ................... 5

*Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005) ............ 4

*Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947) ........................................... 10

*Haile v. Henderson Nat. Bank*, 657 F.2d 816 (6th Cir. 1981) ......................... 4

*Holmes v. SIPC*, 503 U.S. 258 (1992) .......................................................... 5

*Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945) ............................................................. 3

*IUE AFL–CIO Pension Fund v. Herrmann*, 9 F.3d 1049 (2d Cir. 1993) ......................... 9

*Lisak v. Mercantile Bancorp, Inc.*, 834 F.2d 668 (7th Cir. 1987) (RICO) ....................... 5

*Noble v. Weinstein*, 335 F. Supp. 3d 504 (S.D.N.Y. 2018) ............................................. 16

*Norwood v. Kirkpatrick*, 349 U.S. 29 (1955) .................................................................. 10

*N.S. v. Rockett,* No. 3:16-CV-2171-AC, 2018 WL 6920125, at *6

(D.Or. 2018), report and recommendation adopted, No. 3:16-CV-2171-AC,

2018 WL 6920112 (D.Or. 2018) ....................................................................................... 16

*Oetiker v. Werke*, 556 F.2d 1 (D.C.Cir. 1977) ................................................................. 9

*Peay v. BellSouth Med. Assistance Plan*, 205 F.3d 1206 (10th Cir. 2000) ..................... 5

*Republic of Panama v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935

(11th Cir. 1997) .................................................................................................................. 6

*Robinson Eng'g Co., Ltd. Pension Plan Trust v. George*, 223 F.3d 445

(7th Cir. 2000) .................................................................................................................... 9

*Robinson v. Penn Cent. Co.*, 484 F.2d 553 (3d Cir. 1973) ............................................... 9

*Sec. & Exch. Comm'n v. Marin*, 982 F.3d 1341 (11th Cir. 2020) ....................... 3, 5, 8, 9

*SIPC v. Vigman,* 764 F.2d 1309 (9th Cir. 1985) ............................................................... 5

*Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22 (1988) .................................................. 10

*Texas Trading & Milling Corp. v. Federal Republic of Nigeria,* 647 F.2d

300 (2d Cir. 1981) ............................................................................................................... 5

*U.S. S.E.C. v. Carrillo*, 115 F.3d 1540 (11th Cir. 1997) .................................. 3, 5, 6, 7, 8

*United Elec. Workers v. 163 Pleasant St. Corp.,* 960 F.2d 1080

(1st Cir. 1992) ....................................................................................... 5

*United Liberty Life Ins. Co. v. Ryan,* 985 F.2d 1320 (6th Cir. 1993) .............................. 5

*United States v. Botefuhr,* 309 F.3d 1263 (10th Cir. 2002) ............................... 9

*United States v. Ballinger,* 395 F.3d 1218 (11th Cir. 2005) ........................... 13

*Van Dusen v. Barrack*, 376 U.S. 612 (1964) .................................................... 10

*United States v. Baston,* 818 F.3d 651 (11th Cir. 2016) ................................. 13

*United States v. Cook*, 782 F.3d 983 (8th Cir. 2015) ...................................... 16

*United States v. MacEwan*, 445 F.3d 237 (3d Cir. 2006) ............................... 14

*United States v. Maneri*, 353 F.3d 165 (2d Cir. 2003) .................................... 16

*United States v. Rivera*, No. 12-cr-121, 2012 WL 6589526 (M.D. Fla. 2012) ........ 15, 16

*Verizon Md. Inc. v. Public Serv. Comm'n of Md.*, 535 U.S. 635 (2002) ........................ 4

*Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291 (11th Cir. 2018) ............................... 17, 20

*Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313 (11th Cir. 2015) ... 17, 18, 19

**Statutes**

18 U.S.C. § 1591 ....................................................................... 12, 14, 15

18 U.S.C. § 1595 .................................................................. 4, 12, 14, 15

18 U.S.C. § 2255 ............................................................................ *passim*

18 U.S.C. § 2422 ....................................................................... 16

21 U.S.C. § 1331 ................................................................................................ 4

28 U.S.C § 1330 ................................................................................................ 5

28 U.S.C. § 1404 ............................................................................................ 10

**Rules**

Fed. R. Civ. P. 4 ............................................................................................... 3

Fed. R. Civ. P. 8 ................................................................................. 17, 18, 19

Fed. R. Civ. P. 10 ............................................................................................ 19

Fed. R. Civ. P. 12(b)(2) ..................................................................................... 2

Fed. R. Civ. P. 12(b)(6) ...................................................................... 2, 12, 19

**Other Authorities**

4 Charles Alan Wright & Arthur R. Miller, Federal Practice and

Procedure § 1067.1 (1987 & Supp. 1996) ...................................................... 5

*United States District Courts − National Judicial Caseload Profile*, (2017 − 2022)

available at https://www.uscourts.gov/sites/default/files/data_tables/

fcms_na_distprofile1231.2022.pdf .…… ..................................................... 12

## STATEMENT OF FACTS

Plaintiff Regina Alonso filed this lawsuit based on facts and circumstances which occurred online and offline in the state of Florida. Defendant James Jackson ("Onision") became a YouTube partner and was running multiple YouTube channels that were monetized through the YouTube Partnership Program. (Doc. 1 ¶109). Onision married Defendant Lucas Jackson ("Lainey") in 2012. (Id. ¶128). Soon after, Onision and Lainey began working together to groom and lure underage girls through the Onision YouTube channels and online forums (Id. ¶¶129-142). The audience for Onision's channels and forums extended through the United States and one member of the Onision and Lainey audience was Plaintiff, located in this District. (Id. ¶¶150-153). Plaintiff turned 15-years-old approximately one month after meeting Lainey. (Id. ¶154). For the next two years, Lainey, working in coordination with Onision, began grooming Plaintiff with highly sexualized commentary, flirtations, graphicly sexually commentary, lewd, sexual and flirtatious photos, and proclamations of love. (Id. ¶¶155-181).

In 2015, the Jackson Defendants lured and enticed Plaintiff to travel across interstate lines from her home state of Florida to their home state of Washington while she was a minor for the purpose of engaging in sexual contact with her. (Id. ¶¶184-185). Thankfully, Plaintiff's mother intervened and prevented her from travelling to meet them. (Id. ¶186).

When the Jackson Defendants could not further exploit Plaintiff individually, they turned to other minor children and Lainey used Plaintiff, unbeknownst to her, as a tool to gain trust with another child named Sarah. (Id. ¶¶191-193). Lainey continued her sexually graphic and flirtatious commentary with both Sarah and Plaintiff in a group to appear as though it was "safe" for these children. (Id. ¶¶197-207). Lainey only ceased pursuing Plaintiff when she realized Plaintiff was not able to travel to engage in sexual contact with her and Onision. (Id. ¶208).

## ARGUMENT

The Jackson Defendants have moved this Court to dismiss under a theory of lack of personal jurisdiction pursuant to Rule 12(b)(2), failure to state a cause of action under Rule 12(b)(6), and dismissal as a shotgun pleading.  The Jackson Defendants' motions are incorrect and should be denied.

## I.   DISMISSAL IS NOT PROPER UNDER RULE 12(B)(2), BECAUSE PLAINTIFF'S CLAIMS HAVE STATUTORY NATIONAL JURISDICTION

The Jackson Defendants argue that dismissal is proper under Rule 12(b)(2) because this Court lacks personal jurisdiction over the Jackson Defendants. The Jackson Defendants ignore, however, that this court has de facto personal jurisdiction over the Jackson Defendants based on the national jurisdiction created

by the Plaintiff's cause of action under 18 U.S.C. § 2255, and as pled in the Complaint.

In cases where a state is attempting to get extraterritorial jurisdiction over a defendant, the inquiry is whether the defendant has had minimum contacts with the state. *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 315 (1945). When a federal court is attempting to exercise personal jurisdiction over a defendant in a suit based upon a federal statute providing for nationwide service of process, the relevant inquiry is whether the defendant has had minimum contacts with the United States, not the forum state. *U.S. S.E.C. v. Carrillo,* 115 F.3d 1540, 1543 (11th Cir. 1997); *Durham v. LG Chem, Ltd.,* No. 21-11814, 2022 WL 274498, at *2 (11th Cir. Jan. 31, 2022); *Sec. & Exch. Comm'n v. Marin*, 982 F.3d 1341, 1349 (11th Cir. 2020).

Rule 4(k)(2) of the Federal Rules of Civil Procedure states that "[f]or a claim that arises under federal law, serving a summons . . . establishes personal jurisdiction over a defendant if (A) the defendant is not subject to jurisdiction in any state's courts of general jurisdiction; and (B) exercising jurisdiction is consistent with the United States Constitution and laws." Fed. R. Civ. P. 4(k)(2). The Eleventh Circuit has analyzed this to create a two-step consideration for the applicability of national service of process: (1) plaintiff's claims must arise under federal law, and (2) the exercise of jurisdiction must meet the considerations of the due process clause contained in the Fifth Amendment. *Marin*, 982 F.3d at 1349

(citing *Consol. Dev. Corp. v. Sherritt, Inc.,* 216 F.3d 1286, 1291 (11th Cir.2000)); *accord Haile v. Henderson Nat. Bank*, 657 F.2d 816, 826 (6th Cir. 1981) (the Fifth Amendment's due process clause applies for national jurisdiction).

### A. Claims Arise Under Federal Law with Nationwide Service of Process

The first step in the inquiry evaluates whether plaintiff's claims arise under federal law, and whether that law authorizes nationwide service of process. *Id.* Federal law includes an act of Congress or a regulation issued under an act of Congress. *See Verizon Md. Inc. v. Public Serv. Comm'n of Md.*, 535 U.S. 635, 643 (2002). A case generally arises under federal law when federal law creates the cause of action. *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005) (jurisdiction upheld); *see also Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 690 (2006) (jurisdiction lacking) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27–28 (1983) (jurisdiction lacking)) ("A case 'aris[es] under' federal law within the meaning of § 1331…if 'a well-pleaded complaint establishes … that federal law creates the cause of action…'").

Plaintiff sufficiently pled causes of action which arise under federal law within the meaning of 21 U.S.C. § 1331 by asserting claims under 18 U.S.C. §§ 1595 and 2255. While Section 1595 does not specifically provide for national service of process, Section 2255 does. 18 U.S.C. § 2255(c)(2) provides that:

> (2) Service of process.—In an action brought under subsection (a), process may be served in any district in which the defendant—

(A) is an inhabitant; or

(B) may be found.

The Eleventh Circuit has held that this language authorizes nationwide service of process. [1] *Carrillo*, 115 F.3d at 1543; *Durham*, 2022 WL 274498, at *2.

The Jackson Defendants, by their own admissions, reside in the United States, they were served by a process server in the United States, and all their conduct in this lawsuit has been alleged to have occurred within the United States. (Doc. 35 ¶ 18; Doc. 36 ¶ 18). The nationwide service of process statute provides a proper basis for personal jurisdiction over the Jackson Defendants.

### B.    Claims Conform with Due Process

The second step in the inquiry evaluates whether the exercise of jurisdiction meets the considerations of the due process clause. *Marin*, 982 F.3d at 1349. When a federal statute provides the basis for jurisdiction, "the constitutional limits of due process derive from the Fifth, rather than the Fourteenth, Amendment." *Id.* (citing

---

[1] Numerous appellate courts nationwide have similarly determined that this language authorizes nationwide service. *Peay v. BellSouth Med. Assistance Plan,* 205 F.3d 1206, 1210 (10th Cir. 2000) (ERISA); *In re Application to Enforce Admin. of Subpoenas of S.E.C. v. Knowles,* 87 F.3d 413, 417 (10th Cir.1996) (Securities Exchange Act); *Busch v. Buchman, Buchman & O'Brien,* 11 F.3d 1255, 1258 (5th Cir. 1994) (Securities Exchange Act); *United Liberty Life Ins. Co. v. Ryan,* 985 F.2d 1320, 1330 (6th Cir. 1993) (Securities Exchange Act); *United Elec. Workers v. 163 Pleasant St. Corp.,* 960 F.2d 1080, 1085–86 (1st Cir. 1992) (ERISA); *Go–Video, Inc. v. Akai Elec. Co.,* 885 F.2d 1406, 1414–16 (9th Cir. 1989) (Clayton Act); *Lisak v. Mercantile Bancorp, Inc.,* 834 F.2d 668, 671–72 (7th Cir. 1987) (RICO); *SIPC v. Vigman,* 764 F.2d 1309, 1315 (9th Cir. 1985); *Holmes v. SIPC,* 503 U.S. 258 (1992) (Securities Exchange Act); *Texas Trading & Milling Corp. v. Federal Republic of Nigeria,* 647 F.2d 300, 314 (2d Cir. 1981) (Foreign Sovereign Immunities Act); *see also* 4 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1067.1, at 311 & Supp. 80 (1987 & Supp. 1996).

*Republic of Panama v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935, 941 (11th Cir. 1997).

"The exercise of personal jurisdiction comports with due process when (1) the nonresident defendant has purposefully established minimum contacts with the forum and (2) the exercise of jurisdiction will not offend traditional notions of fair play and substantial justice." *Id.* (citing *Carrillo*, 115 F.3d at 1542 (quotation marks omitted)).

### 1. *Defendants Purposefully Established Minimum Contacts with the United States*

"Where, as here, the Fifth Amendment applies because personal jurisdiction is based on a federal statute authorizing nationwide service of process, the applicable forum for minimum contacts purposes is the United States, not the state in which the district court sits." *Carrillo*, 115 F.3d at 1544; *see also BCCI Holdings*, 119 F.3d at 945 n.16, 946–47, 946 n.21 ("Because minimum contacts with the United States -- the relevant sovereign -- satisfy the 'purposeful availment' prong in federal question cases, contacts with the forum state are not constitutionally required.").

Plaintiff has clearly alleged that the Jackson Defendants have minimum contacts with the United States. The Jackson Defendants are United States citizens who live in the State of Washington. (Doc. 1 ¶ 46-47, 54, Doc. 35 ¶ 18; Doc. 36 ¶ 18). Plaintiff is a resident of Florida. (Doc. 1 ¶ 54). Within the United States, the

Complaint alleges that Lainey married Onision (Id. ¶ 128) and began working in concert with him to groom and lure underage girls through Onision's YouTube channel and forums (Id. ¶ 129). Onision joined the YouTube Partnership Program and he published content on his YouTube channel that was directed to an American audience, as evidenced by the responses received to his volatile content. (Doc. 1 ¶ 111-123). Lainey and Plaintiff exchanged online communications, text messages, and phone calls, some of which contained lewd photos, while both were in the United States. (Id. ¶¶ 156-158, 164-165, 172-181). Lainey solicited, lured, and enticed Plaintiff, who was a minor, to travel from Florida to Washington to engage in sexual activity with Onision and Lainey. (Id. ¶¶ 184-185). The Jackson Defendants' contacts with the United States easily satisfy purposeful availment to the United States.

### 2. *Traditional Notions of Fair Play and Substantial Justice*

"Once it has been established that a defendant has purposefully directed his activities at a particular forum, courts still should determine if the assertion of personal jurisdiction would comport with fair play and substantial justice." *Carrillo,* 115 F.3d at 945 (quoting *Burger King,* 471 U.S. at 476). "In order to apply these considerations in the Fifth Amendment context, we ask first whether the party challenging jurisdiction has 'presented a compelling case' that the exercise of jurisdiction would be so unreasonable that the party's "liberty interests have

actually been infringed." *Marin*, 982 F.3d at 1350 (quoting *Carrillo*, 115 F.3d at 946). The Jackson Defendants, as the challenging parties, have the burden to prove that their liberty interests are not in jeopardy based on Plaintiff's chosen forum (the United States). *Id.* Notably, Defendants' burden is steep and they must present a "compelling case" that the exercise of jurisdiction would be so incredibly unreasonable that their constitutional liberty interests would be infringed. *Id.* "It is only in highly unusual cases that inconvenience will rise to a level of constitutional concern." *Burger King*, 471 U.S. at 476.

In *Marin*, the Defendant was a New York citizen and Plaintiff brought an action in the Southern District of Florida under a federal statute that allowed nationwide service of process. The defendant claimed that since he lived out of state and did not have substantial contacts in Florida, he was burdened by having to travel. *Marin,* 982 F.3d at 1350-51. The Eleventh Circuit rejected this argument, stating that a defendant's contacts with the state in which the district court sits have no bearing on the Fifth Amendment analysis and would not render a forum "unreasonably inconvenient." *Id.* at 1351. Furthermore, the Eleventh Circuit recognized that "there is nothing inherently burdensome about crossing a state line." *Id.* (quoting Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure*, Civil 2d § 1067.1, at 327 (1990)) (internal citations omitted). In today's modern era, the internet, video and telephonic communications, and modern

transportation[2] have made appearing in a different state far less burdensome. *See Id.*

The Jackson Defendants have not made a compelling case of constitutional hinderance to the courts. The Jackson Defendants have offered nothing more than the fact that they live in a different state and would have to travel to answer the subpoena in the Middle District of Florida. This is identical to *Marin* – the Jackson Defendants have presented no constitutional concerns under the Fifth Amendment and Plaintiff's claims conform with due process.

### C.      Other Claims Have Pendent Personal Jurisdiction

Additionally, the doctrine of pendent personal jurisdiction provides that "where a federal statute authorizes nationwide service of process, and the federal and state claims derive from a common nucleus of operative fact, the district court may assert personal jurisdiction over the parties to the related state law claims even if personal jurisdiction is not otherwise available." *IUE AFL–CIO Pension Fund v. Herrmann,* 9 F.3d 1049, 1056 (2d Cir. 1993) (citation and internal quotation marks omitted)[3].

---

[2] As noted in *Marin*, the metropolitan airports serving Florida and Washington have multiple flights a day, negating any constitutional burden of access to the court. *Id.*

[3] *Accord Action Embroidery Corp. v. Atlantic Embroidery, Inc.,* 368 F.3d 1174 (9th Cir. 2004); *United States v. Botefuhr,* 309 F.3d 1263, 1272–75 (10th Cir. 2002); *Robinson Eng'g Co., Ltd. Pension Plan Trust v. George,* 223 F.3d 445, 449–50 (7th Cir. 2000); *ESAB Group, Inc. v. Centricut, Inc.,* 126 F.3d 617, 628–29 (4th Cir. 1997); *Oetiker v. Werke,* 556 F.2d 1, 5 (D.C.Cir. 1977); *Robinson v. Penn Cent. Co.,* 484 F.2d 553, 555–56 (3d Cir. 1973).

**D.     Defendant's Motion to Transfer Venue Pursuant to Forum Non-Convenience Should be Denied**

28 U.S.C. § 1404 permits the Court to transfer venue to another district where it might have been brought if it is necessary for the convenience of the parties and witnesses or the interests of justice. "Unless the balance is strongly in favor of the defendants, the plaintiff's choice of forum should rarely be disturbed." *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947). Plaintiff filed this case in her home state. "When the [Plaintiff's] home forum has been chosen, it is reasonable to assume that this choice is convenient." *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 255–56 (1981).

In any case, a trial court has sound discretion to determine whether a *forum non conveniens* determination permits transfer of a case. *Id.* A trial court's determination can only be reversed "when there has been a clear abuse of discretion" *Id.* at 257 (1981); *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). A trial court's decision on *forum non conveniens* receives substantial deference "where the court has considered all relevant public and private interest factors, and where its balancing of these factors is reasonable[.] *Id.* at 257 citing *Gulf Oil Corp. v. Gilbert,* 330 U.S., 501, 511–512 (1947); *See also generally Van Dusen v. Barrack*, 376 U.S. 612 (1964); *Norwood v. Kirkpatrick*, 349 U.S. 29 (1955).

Here, there is very little public interest in where this case is brought, and balancing the varying interests of the private parties may necessitate factual

inquiries as to the burden or inconvenience to the Defendants.  The Jackson Defendants have not met their burden or established the elements necessary to justify a transfer of venue, as have presented no affidavits or any other evidence to support the need for a transfer. Plaintiff has properly filed her case in the Middle District of Florida and venue should not be disturbed.

A "district court may in its discretion permit limited discovery, hold an evidentiary hearing, or accept additional evidence and supplemental briefing from the parties on the private and public interest factors." *Otto Candies, LLC v. Citigroup, Inc.,* 963 F.3d 1331, 1354 (11th Cir. 2020). While a dismissal may be appropriate where "trial in the plaintiff's chosen forum imposes a heavy burden on the defendant or the court, **and** where the plaintiff is unable to offer any specific reasons of convenience supporting his choice" the defendants have failed to show a heavy burden and Plaintiff has provided specific reasons of convenience. *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 249 (1981) (emphasis added). Multiple witnesses are in this District and Plaintiff Regina would have as much or more of a burden than any of the Defendants in cross-country travel to another jurisdiction. So too, cases in the Middle District of Florida are brought to disposition more rapidly than cases in the Western District of Washington.[4]  For these reasons, and those stated

---

[4] Cases in the Middle District of Florida were brought to disposition in 5.7 to 6.9 months on average from 2017 to 2022, while cases in the Western District of Washington where cases

above and below, this Court should deny the Jackson Defendant's request to dismiss this case based on *forum non conveniens.* In the alternative, this Court should hold an evidentiary hearing as to the varying interests of convenience in this matter. Personal jurisdiction over the Defendants is established under 18 U.S.C. § 2255 and pendant personal jurisdiction extends to all Plaintiff's claims.

Furthermore, Defendants' lack of personal jurisdiction arguments are irrelevant; personal jurisdiction is established under 18 U.S.C. § 2255 and pendant personal jurisdiction extends to all Plaintiff's claims.

## II. THE JACKSON DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULE 12(B)(6) SHOULD BE DENIED, AS PLAINTIFF HAS ADEQUATELY PLED COUNTS 1, 2, AND 5.

### A. Counts 1 and 2 – Direct and Beneficiary Sex Trafficking Claims; 18 U.S.C. § 1595; 1591

Counts 1 and 2 stem from the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. §§ 1595 and 1591 and constitute legal claims for both direct sex trafficking and beneficiary sex trafficking. The Jackson Defendants claim that Plaintiff has not adequately pled counts 1 and 2 for two-reasons: (1) Plaintiff has not pled that the acts involve interstate commerce, and (2) Plaintiff has alleged that Defendants have not "benefitted financially" from "any

---

took an average of 7 to 8.7 months before reaching a disposition. *See United States District Courts — National Judicial Caseload Profile,* (2017-2022) available at https://www.uscourts.gov/sites/default/files/data_tables/ fcms_na_distprofile1231.2022.pdf.

interaction with the Plaintiff."

### 1.    *In or Affecting Interstate Commerce*

There are two types of sex trafficking delineated in the TVPRA: direct sex trafficking and beneficiary sex trafficking.   Despite having several different elements, both causes of actions require that the act occur "in or affecting interstate or foreign commerce." The phrase "in commerce" refers to the "channels" and the "instrumentalities" of interstate commerce. *United States v. Baston,* 818 F.3d 651, 664 (11th Cir. 2016) (citing *United States v. Ballinger,* 395 F.3d 1218, 1233 (11th Cir. 2005) (en banc)). The complaint clearly alleges that the Jackson Defendants were engaged in commerce.

Onision posted on his YouTube channels and in his online forums. (Doc. 1 ¶¶ 96-100, 105-107, 111-123, 132-149). Plaintiff was specifically lured and enticed by Onision's YouTube channel. (Id. ¶¶150-151). Plaintiff later become a moderator on Onision's online forums, as well as Lainey's online forums. (Id. ¶¶159, 162). Lainey groomed, recruited, enticed, and solicited Plaintiff through online communications, text messages, social media posts, phone calls, and Skype calls for the purpose of causing her to engage in a commercial sex act. (Id. ¶¶155-158, 164-165, 167, 172-182). Finally, Lainey attempted to recruit, entice, and solicit Plaintiff to travel across state lines to visit her and Onision for the purpose of sexual activity. (Id. ¶¶184-185).

The internet, phones, and online communication are each classic instrumentalities and channels of interstate commerce. *Id.; United States v. MacEwan*, 445 F.3d 237, 245 (3d Cir. 2006). As such, Plaintiff has clearly pled that the Jackson Defendants' conduct was "in commerce."

Notably, the Jackson Defendants did not challenge Counts 3 or 4, which also requires the use of instrumentalities and channels of interstate commerce. Count 4, in particular is a Civil Remedy pursuant to 18 U.S.C. § 2255 for violations of 18 U.S.C. § 1591, the sex trafficking statute. To prove Count 4, Plaintiff must prove the same elements as Count 1 and 2, including that the act occurred in or affecting interstate or foreign commerce. By not challenging Counts 3 or 4, Defendants accept that Plaintiff's complaint adequately alleges this interstate commerce element, negating their arguments against Counts 1 and 2.

### 2. *Benefitting Financially or by Receiving Anything of Value*

The Jackson Defendants argue that "there are no plausible allegations in the complaint that James or Lucas benefitted financially from any interaction with the Plaintiff." (Doc. 33, p. 13). This is a misstatement of the legal standard required under 18 U.S.C. § 1595(a) and 1591(1)(a)(2) and does not require dismissal.

The TVPRA does not narrowly require a defendant to "benefit financially" from an interaction with the plaintiff; rather, the TVPRA requires a defendant, more broadly, to "benefit, or attempt or conspire to benefit, financially or by

14

receiving anything of value" from participation in a venture which that person knew or should have known has engaged in an act in violation of [the Trafficking Victims Protection Act]." 18 U.S.C. § 1595(a)(2) and 1591(a). The "benefit" to defendants may derive from anything of value; such benefit is not limited to financial gain. Id.; *United States v. Rivera*, No. 12-cr-121, 2012 WL 6589526, at *5 (M.D. Fla. 2012) (finding, in the context of 1591, that "the term 'anything of value' encompasses more than just monetary gain).

Within the sex trafficking statute, "commercial sex act" is defined as "any sex act, on account of which anything of value is given to or received by any person." 18 U.S.C. § 1591(e)(3). The following chart outlines multiple benefits to the Jackson Defendants and Plaintiff that were pled in the Complaint as causally related to the sex trafficking and who received the benefit:

| Count | ¶ in Complaint | Recipient | Receipt of Something of Value |
|-------|----------------|-----------|-------------------------------|
| 1 & 2 | ¶225 | Lainey | child pornography images of Plaintiff, and the sexual gratification associated with receiving these materials |
| 1 & 2 | ¶225 | Lainey and Onision | Plaintiff's service as an unpaid moderator for both Onision and Lainey forums |
| 2 | ¶237 | Plaintiff | Cost of transportation for travel |

"Congress's use of expansive language in defining commercial sex act—using such terms as "any sex act," "anything of value," "given to or received by any person"-requires a liberal reading." *Noble v. Weinstein*, 335 F. Supp. 3d 504, 521 (S.D.N.Y. 2018). *See also United States v. Maneri*, 353 F.3d 165, 168 (2d Cir. 2003) (the opportunity for a sexual encounter, in return for distributing child pornography is something of value); *United States v. Cook*, 782 F.3d 983, 989 (8th Cir. 2015) (defendant's receipt of sexual photographs, as well as the sex acts in which he participated, is something of value); *Rivera*, No. 12-cr-121 at 5 (ordination as a prophet is something of value); *Ardolf v. Weber*, 332 F.R.D. 467, 479 (S.D.N.Y. 2019) (modeling opportunities are something of value). Plaintiff has plausibly alleged facts that meet the benefitting element of the TVPRA.

### B. Count 5 – Civil Remedies for Personal Injuries Related to Coercion and Enticement, 18 U.S.C. § 2255; 2422

The Jackson Defendants inaccurately suggest that Plaintiffs complaint fails to allege more than an attempted violation of the criminal predicate as to Count 5. Plaintiff sufficiently pleaded a fully completed act. Nonetheless, the Jackson Defendants raise a distinction without a difference as an attempted criminal act "qualifies as a predicate 'violation' under Masha's Law." *N.S. v. Rockett*, No. 3:16-CV-2171-AC, 2018 WL 6920125, at *6 (D. Or. Oct. 19, 2018), report and recommendation adopted, No. 3:16-CV-2171-AC, 2018 WL 6920112 (D.Or. 2018).

## III.    THE COMPLAINT IS NOT A SHOTGUN PLEADING

Rule 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff falls short of Rule 8's requirements by failing "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (citing *Weiland*, 792 F.3d at 1320). A complaint that violates Rule 8(a)(2) is frequently referred to as a "shotgun pleading." *Weiland*, 792 F.3d at 1320. Generally, one form of a "shotgun pleading" is when a complaint fails to provide a defendant adequate notice of the claims against them, as well as the grounds upon which each claim rests, by alleging multiple counts that adopt all the allegations from the previous counts. *Id.* at 1321.

In *Weiland*, the complaint re-alleged all the factual allegations at the beginning of each count, and based on this, the district court dismissed this as a shotgun pleading. *Id.* at 1324. The Eleventh Circuit overturned this however, finding that dismissal of the claim as a shotgun pleading was an abuse of discretion after doing a deeper analysis into whether what was pled met the purpose of Rule 8 – namely, to provide the defendant(s) adequate notice of the claims against them, as well as the grounds upon which each claim rests. *Id.* at 1324, 1326. In making their decision, the Eleventh noticed that the counts precisely parceled out and identified the facts relevant to each material claim. *Id.* at 1324.

Further, the Court noted that it was instructive that the defense did not file a motion for a more definite statement under Rule 12(e), or assert that they were having trouble "knowing what was alleged and why they were liable for doing it." *Id.* The Court found that determining which of the factual claims were relevant to the case at hand was hardly a challenge given the organization of the factual section of the complaint and applicable sub-titles. *Id.* at 1325. Ultimately, the court found that despite the inclusive statement or re-alleging all paragraphs, the counts "adequately put [defendants] on notice of the specific claims against them and the factual allegations that support those claims" and therefore met the requirements of Rule 8(a)(2). *Id.* at 1326.

In this complaint, Plaintiff pled five counts. Each cause of action identifies the federal statute it alleges a violation of, by both name and citation, as well as which defendant it is applicable to. Plaintiff does re-allege and incorporate previous paragraphs; however, in compliance with Rule 8(a)(2), it clearly identifies exactly which actions are applicable to the alleged conduct. Plaintiff specifies the pertinent facts related to her claims in each count with specificity and restates the pertinent facts to establish each count. In Counts 3-5 which draw upon predicate criminal statutes, the complaint clearly identifies which predicate act is applicable, provides the relevant statutory language, and again states with specificity the

relevant facts. Like in *Weiland*, the factual allegations section is broken up into clear sections so that it is easy to understand which factual allegations are applicable.

Further, the Jackson Defendants in this case did not file a motion for a more definite statement, or express any confusion or misunderstanding about what was filed. *See id.* at 1324. In fact, instead of expressing confusion, they embraced their understanding of the allegations by filing a motion to dismiss pursuant to Rule 12(b)(6) and articulated Plaintiff's allegations, causes of action, and why the Jackson Defendants believe these fall short of the legal standard necessary for these counts. If a Court can determine that a count is informative enough to permit a court to readily determine if they state a claim upon which relief can be granted, then it cannot also be a shotgun pleading that is so vague and unclear that the defense cannot determine what is being pled. The two are mutually exclusive. *See id.* at 1326 ("In concluding that the court should not have dismissed those two counts, we are not retreating from this circuit's criticism of shotgun pleadings, but instead are deciding that, whatever their faults, these two counts are informative enough to permit a court to readily determine if they state a claim upon which relief can be granted.").

A dismissal under Rules 8(a)(2) and 10(b) is only appropriate where "it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Id.* at 1325 (citing *Anderson v. Dist. Bd. of Trustees of Cent.*

*Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996)). Such a virtual impossibility does not exist in this case and dismissal is therefore not appropriate.

Should this Court disagree with Plaintiff and find that Plaintiff's claims are unclear as to what is alleged and that the Complaint constitutes a shotgun pleading, Plaintiff requests leave to amend the Complaint to plead each cause of action with more specificity as to which factual allegation is applicable to each cause of action. *See Vibe Micro*, 878 F.3d at 1295-96 (the district court should give plaintiff at least one opportunity to amend before dismissing the complaint with prejudice).

## CONCLUSION

For all the above reasons, this District Court has personal jurisdiction over the Jackson Defendants, Plaintiff has adequately pled the allegations, and this is not a shotgun pleading. Furthermore, transfer of venue is unwarranted and improper and should be denied. Plaintiff hereby requests this Honorable Court to deny the Jackson Defendants' Motion to Dismiss and grant such other relief as is just and appropriate.

DATED: May 11, 2023                    Respectfully Submitted,

                                       */s/ Lisa D. Haba*
                                       Lisa D. Haba
                                       **THE HABA LAW FIRM, P.A.**
                                       1220 Commerce Park Dr., Suite 207

Longwood, FL 32779
Telephone: (844) 422-2529
lisahaba@habalaw.com

*/s/ Jennifer Freeman*
Jennifer Freeman
Margaret E. Mabie
**MARSH LAW FIRM PLLC**
31 Hudson Yards, 11th Floor
New York, New York 10001
Telephone: (212) 372-3030
jenniferfreeman@marsh.law
margaretmabie@marsh.law

*Attorneys for Plaintiff*