# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### Ocala Division

REGINA ALONSO,

   Plaintiff,

v.

GOOGLE LLC, YOUTUBE LLC;
JAMES JACKSON, also known online as
"ONISION," and LUCAS JACKSON,
formerly known online as
"LAINEYBOT," "LAINEY" and "KAI,"

   Defendants.

Case No.: 5:23-cv-00091-JA-PRL

## DEFENDANTS YOUTUBE AND GOOGLE'S MOTION
## TO TRANSFER TO THE NORTHERN DISTRICT OF CALIFORNIA

## <u>TABLE OF CONTENTS</u>

I.  INTRODUCTION ........................................................................... 2

II.  BACKGROUND ............................................................................ 2

    A.  YouTube And Its Terms of Service ................................................. 2

    B.  Plaintiff and the Jackson Defendants Agreed to the Terms .............. 4

    C.  Plaintiff's Claims Arise Out of and Relate to Both the YouTube
        Service and the Terms ...................................................................... 5

III.  ARGUMENT ................................................................................. 6

    A.  The Forum-Selection Clause Governs Plaintiff's Claims .................. 8

    B.  YouTube's Forum-Selection Clause Is Mandatory And Enforceable
        .......................................................................................................... 10

    C.  Plaintiff Cannot Carry The Heavy Burden Necessary To Overcome
        The Forum-Selection Clause ............................................................ 12

IV.  CONCLUSION ............................................................................. 13

## I.   INTRODUCTION

Defendants Google LLC and YouTube, LLC (collectively, "YouTube") move under 28 U.S.C. § 1404(a) to transfer this case to the Northern District of California pursuant to the parties' governing forum-selection agreement.

Plaintiff's claims against YouTube fail as a matter of law, as explained in YouTube's concurrently filed motion to dismiss. But this case faces a threshold problem: Plaintiff filed suit in the wrong place. When Plaintiff created a YouTube account, she agreed to YouTube's Terms of Service ("TOS" or "Terms"), which includes an express forum-selection provision that requires litigation of cases like this to proceed in California.

The Supreme Court has made clear that "a valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases." *Atl. Marine Constr. Co. v. United States Dist. Ct. for the W. Dist. of Tex.*, 571 U.S. 49, 63 (2013) (citation omitted). And an unbroken line of cases have held that YouTube's forum-selection clause is valid and enforceable, and have applied it to transfer cases like this one to the parties' designated federal forum—the Northern District of California. *See, e.g.*, *Trump v. Youtube, LLC*, 2021 U.S. Dist. LEXIS 258273, at *36 (S.D. Fla. Oct. 6, 2021).

The same result is warranted here. Plaintiff's claims arise out of the alleged wrongdoing of Defendants James Jackson ("Onision") and Lucas Jackson ("Lainey") (collectively "the Jacksons" or "Jackson Defendants"). Plaintiff alleges that as a minor she was "groomed" by the Jacksons, who tried (unsuccessfully) to

entice her to visit them in Washington State. Plaintiff does not claim that YouTube was involved in the Jacksons' grooming efforts or knew anything about those efforts. Nonetheless, Plaintiff sued YouTube, alleging that Onision's popular YouTube channel was how she first learned of him and what first inspired her to contact the Jacksons. Plaintiff seeks to hold YouTube liable for hosting (or failing to remove) Onision's videos and for allowing him to earn advertising revenue from his channel.

The TOS that Plaintiffs agreed to is clear about where such disputes belong: "All claims arising out of or relating to these terms or the [YouTube] Service … will be litigated exclusively in the federal or state courts of Santa Clara County, California, USA." While legally meritless as to YouTube, for the reasons explained in YouTube's concurrently filed motion to dismiss, Plaintiff's claims, as pleaded, fall within this mandatory provision. Accordingly, Plaintiff's "choice of forum merits no weight," *Atl. Marine*, 571 U.S. at 63, and this case should be transferred to the Northern District of California pursuant to 28 U.S.C. § 1404(a).

## II.    BACKGROUND

### A.    YouTube And Its Terms of Service

Google owns and operates YouTube, an online video service with billions of users and millions of user-created "channels" offering a vast array of video content. Compl. ¶¶ 9-11. YouTube users can create and post videos to their channels, which other users can view. YouTube allows visitors to access and use

its service—including by creating channels and uploading videos free of charge—provided they agree to its Terms. *See* Compl. (Dkt. 1) ¶¶ 25-26, 80-81.

Users are able to post content to their own "channels." Declaration of Raquel Small ("Decl.") ¶ 7. To create a YouTube channel and upload content to YouTube, every user is required to accept the TOS. Decl. ¶¶ 3, 7 & Ex. A (https://www.youtube.com/t/terms (eff. Jan. 5, 2022)). For example, in the current version of the sign-up process, when users create a channel, they are presented with the text: "By tapping Create Channel you agree to YouTube's Terms of Service." *Id.* ¶ 7. The phrase "YouTube's Terms of Service" appears in blue font, and contains a hyperlink to the complete text of the YouTube Terms. *Id.* By clicking "Create Channel," users agree to abide by the YouTube Terms. *Id.*

At all times relevant here, the TOS included an express forum-selection clause designating Northern California courts as the exclusive venue for litigation arising out of or relating to the YouTube Service. Decl. ¶ 4. This is the current version:

> All claims arising out of or relating to these terms or the Service will be governed by California law, except California's conflict of laws rules, and will be litigated exclusively in the federal or state courts of Santa Clara County, California, USA. You and YouTube consent to personal jurisdiction in those courts.

Decl. ¶ 4 & Ex. A at 15; see also Decl. ¶ 5 & Ex. B (similar language in effect on April 20, 2016), Ex. C (same on Nov. 12, 2019). "Service" is a defined term in the Terms that encompasses "the YouTube platform and the products, services and

features we make available to you as part of the platform[.]" Ex. A at 2. Santa Clara County, California lies within the Northern District of California. *See* 28 U.S.C. § 84(a). Because many millions of users create channels and upload videos on YouTube's website free of charge, the forum-selection clause is necessary to manage the costs of litigation and reduce the inconvenience to YouTube that would arise if the company were forced to litigate claims all over the world. Decl. ¶ 6; *accord Song fi, Inc. v. Google Inc.*, 72 F. Supp. 3d 53, 64 (D.D.C. 2014).

At all times relevant here, the TOS also provided that YouTube may modify the Terms over time. Exs. A-C. Modifications of the Terms only apply going forward. *Id.*

### B.    Plaintiff and the Jackson Defendants Agreed to the Terms

Plaintiff created a YouTube channel on April 20, 2016. Decl. ¶¶ 7-8. In doing so, she affirmatively agreed to the TOS (*id.*) including its forum-selection clause which then designated "a court of competent jurisdiction located in Santa Clara County, California" (Ex. B) and now designates the "federal or state courts of Santa Clara County, California, USA" (Ex. A). At the time she created the channel she was 18 years old. Compl. ¶¶ 153-55, 157.[1] On some occasions, moreover, YouTube blocks a user from using the service until they affirmatively click a button to reaffirm their agreement to the TOS, which Plaintiff did on

---

[1] One paragraph in the Complaint states that Plaintiff was 12 years old in 2012, but YouTube believes this to be a drafting error. Compl. ¶ 150.

November 12, 2019. Decl. ¶ 9. The version of the TOS that Plaintiff agreed to on that date appears as Exhibit C. *Id*. ¶ 5.

The Jackson Defendants also created YouTube channels that they used to post videos to YouTube, and in the process of doing so they also affirmatively clicked a button indicating their agreement to be bound by YouTube's Terms, including the forum-selection clause. *See* Compl. ¶¶ 8 & 96 (alleging that James Jackson created his first YouTube channel in 2006), 27 (listing "several YouTube channels" run by Onision), 32 ("Lainey … became a part of the Onision channel"), 130 ("Onision's YouTube channels gave him … fame"); Jackson Defs.' Mot. to Transfer (Dkt. 33) at 3 (acknowledging that "James Jackson created a YouTube channel and began posting videos"); Decl. ¶ 7.

### C.   Plaintiff's Claims Arise Out of and Relate to Both the YouTube Service and the Terms

The gravamen of Plaintiff's claim against YouTube is that YouTube allowed Onision to use "YouTube channels [that] gave him the fame, platform, and megaphone to reach countless people," including "young teenage girls" (Compl. ¶ 130), and then "did nothing to enforce their Terms of Service and Community Guidelines" after learning about concerns about Onision (*id*. ¶ 120). In connection with each of its claims against YouTube, the Complaint alleges that Onision "abuse[d]" YouTube's "Terms of Service." *Id*. ¶¶ 234 (Count II), 263 (Count IV), 284 (Count V).

Plaintiff filed suit on February 8, 2023. On April 20, 2023, the Jackson Defendants filed their motion to dismiss or in the alternative to transfer to the Western District of Washington (Dkt. 33), the latter of which YouTube opposed on May 2, 2023 (Dkt. 37). In addition to filing this motion to transfer, YouTube has concurrently filed a motion to dismiss the Complaint under Fed. R. Civ. P. 12(b)(6).

## III.   ARGUMENT

"[A] forum-selection clause may be enforced by a motion to transfer under § 1404(a)[.]" *Atl. Marine*, 571 U.S. at 52; *accord* 28 U.S.C. § 1404(a) (permitting transfer "to any district . . . to which all parties have consented"). "When a defendant files such a motion, . . . a district court should transfer the case unless extraordinary circumstances unrelated to the convenience of the parties clearly disfavor a transfer." *Atl. Marine*, 571 U.S. at 52; *see also id.* at 62-63 ("a valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases") (citation omitted); *Turner v. Costa Crociere S.P.A.*, 9 F.4th 1341, 1345 (11th Cir. 2021), *aff'd*, 9 F.4th 1341 (11th Cir. 2021) (explaining that "[f]orum selection clauses are presumptively valid and enforceable") (cleaned up); *GDG Acquisitions, LLC v. Gov't of Belize*, 749 F.3d 1024, 1028 (11th Cir. 2014) ("an enforceable forum-selection clause carries near-determinative weight").

Because a forum-selection clause "represents the parties' agreement as to the most proper forum," the presence of such a clause requires that certain

6

"adjustments" be made to the regular § 1404(a) analysis. *Atl. Marine*, 571 U.S. at 62-63 (citation omitted). "These adjustments require a court evaluating a motion to transfer pursuant to a forum-selection clause to afford no weight to either the plaintiff's selected forum or the parties' private interests, and to ignore the choice-of-law rules of the original venue." *Hisey v. Qualtek USA, LLC*, 753 F. App'x 698, 703 (11th Cir. 2018). In such cases, the plaintiff "bear[s] the burden of showing why the court should not transfer the case to the forum to which the parties agreed." *Atl. Marine*, 571 U.S. at 64; *see also Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 595 (1991) (party seeking to avoid a forum-selection clause bears a "heavy burden of proof") (citation omitted); *Turner v. Costa Crociere S.P.A.*, 9 F.4th 1341, at *1345-46 (11th Cir. 2021) (same); *Lebedinsky v. MSC Cruises, S.A.*, 789 F. App'x 196, 202 (11th Cir. 2019) (same).

Applying these principles, this Court—and other courts in this Circuit— routinely enforce forum-selection clauses. *See, e.g.*, *Geico Marine Ins. Co. v. Amzim Marine Servs., LLC*, 2022 U.S. Dist. LEXIS 207322, at *18 (M.D. Fla. Nov. 15, 2022); *Turner v. Costa Crociere S.P.A.*, 488 F. Supp. 3d 1240, 1256 (S.D. Fla. 2020), *aff'd*, 9 F.4th 1341 (11th Cir. 2021); *Kifle v. YouTube LLC*, No. 1:21-cv-00238-JPB, Dkt. 24 (N.D. Ga. Mar. 12, 2021); *Gordon v. Sandals Resorts Int'l, Ltd.*, 418 F. Supp. 3d 1132, 1141-42 (S.D. Fla. 2019); *Johnson v. Thor Motor Coach, Inc.*, No. 2018 U.S. Dist. LEXIS 120673, at *4-5 (M.D. Fla. July 19, 2018); *Moisttech Corp. v. Sensortech Sys.*, 2015 U.S. Dist. LEXIS 83392, at *23 (M.D. Fla. June 26, 2015). The same result is required here: Plaintiff's claims are

governed by a binding forum-selection clause; that provision requires that this litigation proceed in the Northern District of California; and no extraordinary circumstances preclude a transfer to the parties' designated federal forum.

### A.      The Forum-Selection Clause Governs Plaintiff's Claims

Plaintiff, by creating her YouTube channel, affirmatively agreed to YouTube's TOS after reaching the age of majority, including its forum-selection clause. *See infra* § I.B.

The governing forum-selection clause applies to "[a]ll claims arising out of or relating to these terms or the Service[.]" Ex. A at 15. As noted above, the term "Service" is expressly defined as "the YouTube platform and the products, services and features we make available to [users]." *Id.* at 2. The phrase "arising out of" is interpreted broadly and covers "all causes of action arising directly or indirectly from the business relationship evidenced by the contract." *Stewart Org., Inc. v. Ricoh Corp.*, 810 F.2d 1066, 1070 (11th Cir. 1987), *aff'd*, 487 U.S. 22 (1988) (enforcing forum-selection clause applicable to all disputes "arising under or in connection with this Agreement"); *accord Vernon v. Stabach*, 2014 U.S. Dist. LEXIS 63055, at *12-13 (S.D. Fla. May 7, 2014) ("where the contracts at issue contain a broad forum-selection clause applying to '[a]ny suit . . . arising out of or in connection with' an agreement, federal courts have had no trouble finding statutory and tort claims 'arising directly or indirectly from the relationship evidenced by the contract' to fall within the scope of the clause") (citations omitted); *cf. Slater v. Energy Servs. Grp. Int'l, Inc.*, 634 F.3d 1326,

1330-31 (11th Cir. 2011) (federal statutory claims fall within the scope of a forum-selection clause covering "all claims arising 'directly or indirectly' from the relationship evidenced by the contract").

Plaintiff's claims fall within the clause's broad scope. *See McCoy v. Sandals Resorts, Ltd.*, 2019 U.S. Dist. LEXIS 199922, at *31 (S.D. Fla. Nov. 19, 2019) ("when ascertaining the applicability of a contractual provision to particular claims, courts must examine the substance of those claims, shorn of their labels") (citation omitted). To be sure, as discussed in YouTube's concurrently filed Motion to Dismiss, Plaintiff has no viable cause of action against YouTube, and the predatory behavior she alleges regarding the Jackson Defendants all occurred off of YouTube. Compl. ¶¶ 124-149, 153-186. Nevertheless, Plaintiff's claims against YouTube, as framed in her Complaint, arise from allegations about both her and the Jackson Defendants' use of YouTube and the choices YouTube is said to have made in policing the Jacksons' YouTube accounts. *Id.* ¶¶ 14, 18, 21-29, 35-37, 114-121, 150-51, 213-216. Such claims "aris[e] out of or relat[e]" to the YouTube service. Decl. ¶ 4 & Ex. A at 15.

Plaintiff also affirmatively alleges that her claims arise out of or relate to the Terms themselves. Plaintiff repeatedly complains that YouTube "did nothing to enforce their Terms of Service" by removing Onision or his videos from the platform. Compl. ¶ 120; *see also id.* ¶¶ 35, 234, 263, 284. Complaints about YouTube's decisions about how to enforce its TOS fall squarely within the forum-selection clause. *See, e.g., Trump*, 2021 U.S. Dist. LEXIS 258273, at *32 (holding

9

that claims challenging YouTube's deactivation of user accounts for violations of its TOS were subject to the forum-selection clause where they "explicitly reference the policies of YouTube as the basis for each claim"); *Loomer v. Facebook, Inc.*, 2020 U.S. Dist. LEXIS 99430 , at *8 (S.D. Fla. Apr. 13, 2020) (holding that claims challenging Facebook's deactivation of user accounts "arise[] out of or relate[] to" Facebook's Terms of Service).

In sum, the broad language of the forum-selection clause readily encompasses Plaintiff's claims.

### B.     YouTube's Forum-Selection Clause Is Mandatory And Enforceable

Forum-selection clauses are "presumptively valid and enforceable" absent a "strong showing" that "enforcement would be unfair or unreasonable under the circumstances." *Krenkel v. Kerzner Int'l Hotels Ltd.*, 579 F.3d 1279, 1281 (11th Cir. 2009) (per curiam); *see also Turner*, 9 F.4th at 1344 (same). Courts have consistently held forum-selection clauses in standard-form online agreements— like the YouTube TOS that Plaintiff accepted (Decl. ¶ 9)—to be "valid and enforceable." *Segal v. Amazon.com, Inc.*, 763 F. Supp. 2d 1367, 1369 (S.D. Fla. 2011) (enforcing forum-selection clause in terms accepted by plaintiffs as a condition of creating Amazon account); *accord Loomer*, 2020 U.S. Dist. LEXIS 99430, at *6-8 (same for Facebook's Terms of Service); *Davis v. Avvo, Inc.*, 2011 U.S. Dist. LEXIS 103332, at *6-14 (M.D. Fla. Sept. 13, 2011) (enforcing forum-selection clause included in click-wrap Terms of Use agreement); *cf. Laine v.*

*JetSmarter, Inc.*, 2019 U.S. Dist. LEXIS 71346, at *4-6 (S.D. Fla. Apr. 29, 2019) (enforcing arbitration clause found in a "click-wrap agreement"); *Temple v. Best Rate Holdings LLC*, 360 F. Supp. 3d 1289, 1304-05 (M.D. Fla. 2018) (enforcing arbitration clause found in website Terms and Conditions where user was cautioned that he accepted the terms by clicking a button labeled "Get a Quote").

YouTube's forum-selection clause, in particular, has repeatedly been applied to order the transfer of similar claims. Indeed, every federal court that has considered a transfer motion based on YouTube's TOS has done so. *See Trump*, 2021 U.S. Dist. LEXIS 258273, at *25, 38 n.8 ("the Court finds that the application of the forum-selection clause in this case … does not contravene public policy," and "the Court agrees with other courts that have found that the bargaining power between social media companies and their customers does not render a forum-selection clause to be unconscionable"); *Song fi*, 72 F. Supp. 3d at 62-64 ("it is not improper for YouTube to require that claims against it be brought in the non-arbitrary forum where it resides").[2]

_____

[2] *See also Kifle*, No. 1:21-cv-00238-JPB, Dkt. 24 at 8 (transferring case brought by YouTube user despite Plaintiff "point[ing] to evidence that California will be a less convenient forum for him"); *Lewis, v. Google, Inc.*, 2019 U.S. Dist. LEXIS 223263, at *6 (D. Co. Dec. 31, 2019) ("Plaintiff has failed to cast any doubt on the validity of the Forum Selection Clause, and so the *Atlantic Marine* analysis applies here."); *Ramani v. YouTube, LLC*, 2019 U.S. Dist. LEXIS 197106, at *4 (S.D.N.Y. Nov. 12, 2019) ("The Court concludes that YouTube's forum selection clause controls and transfers the action to the United States District Court for the Northern District of California."); *Muhammad v. YouTube, LLC*, 2019 U.S. Dist. LEXIS 92358, at *7-8 (M.D. La. June 3, 2019) (finding "no evidence or jurisprudence to show that the forum-selection clause was induced by fraud or overreaching"); *Seaman v. YouTube, LLC,* No. 3:18-cv-833-HEH, Dkt. 20 at 6 (E.D. Va. Apr. 5, 2019) (finding no oppression or surprise); *Biltz v. Google, Inc.*, 2018 U.S. Dist. LEXIS 112632, at *12-16 (D. Haw. July 6, 2018) (finding no

That unbroken line of cases reflects the mandatory nature of the forum-selection provision, which states that covered claims "will be litigated ***exclusively*** in the federal or state courts of Santa Clara County, California[.]" Ex. A at 15 (emphasis added); *see Bowen*, 2008 U.S. Dist. LEXIS 122337, at *6 (YouTube's clause is "cast in mandatory terms"); *accord Emerald Grande, Inc. v. Junkin*, 334 F. App'x 973, 976 (11th Cir. 2009) (clause declaring that Okaloosa Courts "will be the venue for any dispute" was mandatory) (emphasis added); *DeLima v. Google, Inc.*, 561 F. Supp. 3d 123, 138 (D.N.H. 2021) ("Any future claim arising out of the AdSense or similar agreement for Google-owned services, however, must be brought in the Northern District of California as a result of the presumptively enforceable and mandatory forum selection clause in that agreement and Google and YouTube's general terms of service.").

### C. Plaintiff Cannot Carry The Heavy Burden Necessary To Overcome The Forum-Selection Clause

To prevent the transfer of a case like this one involving a valid forum-selection clause, Plaintiff would need to "bear the burden of showing that public-interest factors ***overwhelmingly*** disfavor a transfer." *Atl. Marine*, 571 U.S. at 66 (emphasis added). She cannot do so. This is not among the "rare[]" circumstances where public-interest factors can "defeat a transfer motion[.]" *Id.*

---

fraud or overreaching); *Kijimoto v. YouTube, LLC*, 2018 U.S. Dist. LEXIS 225915, at *5-9 (C.D. Cal. Jan. 30, 2018) (holding that "the forum-selection clause of the TOS is controlling"); *Bowen v. YouTube, Inc.*, 2008 U.S. Dist. LEXIS 122337, at *6 (W.D. Wash. Apr. 15, 2008) ("The Court concludes that the forum selection clause herein is valid [and] enforceable.").

at 64. Nor can Plaintiff invoke her private interests to keep her claims in this District. "When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation. A court accordingly must deem the private-interest factors to weigh entirely in favor of the preselected forum." *Id.*

In short, under the clear terms of the governing agreement, the parties agreed to resolve claims like these in a different forum. By filing in this Court, Plaintiff disregarded that agreement, and a transfer is required.[3]

## IV.    CONCLUSION

For these reasons, YouTube respectfully asks the Court to apply the governing forum-selection provision and transfer this case to the Northern District of California.

---

[3] Under Section 1404(a), the Court has discretion to transfer the entire case, including the claims against the Jackson Defendants, who also agreed to the forum-selection clause. *See supra* § I.B. The Court could also exercise its discretion to sever Plaintiff's claims against YouTube under Fed. R. Civ. P. 21 and transfer only those claims. *See, e.g., In re Rolls Royce Corp.*, 775 F.3d 671, 681 (5th Cir. 2014) (granting mandamus petition to require district court to sever and transfer claims); *In re Howmedica Osteonics Corp.*, 867 F.3d 390, 411 (3d Cir. 2017) (same); *cf. SSAB Ala., Inc. v. Kem-Bonds, Inc.*, No. 17-0175-WS-C, 2017 U.S. Dist. LEXIS 204021, at *13 (S.D. Ala. Dec. 12, 2017) ("courts in analogous circumstances have routinely found that *Atlantic Marine* calls for enforcement of the forum-selection clause, notwithstanding objections grounded in fears of duplicative litigation or judicial economy").

Dated: May 15, 2023                ZUCKERMAN SPAEDER LLP

By: */s/Nathan M. Berman*
  NATHAN M. BERMAN
  FBN: 0329230
  nberman@zuckerman.com
  101 E. Kennedy Blvd., Suite 1200
  Tampa, Florida 33602
  Telephone: (813) 221-1010
  Facsimile: (813) 223-7961

  WILSON SONSINI GOODRICH & ROSATI
  Professional Corporation

  BRIAN M. WILLEN (*pro hac vice*)
  bwillen@wsgr.com
  BENJAMIN MARGO (*pro hac vice*)
  bmargo@wsgr.com
  1301 Avenue of the Americas, 40th Floor
  New York, NY 10019-6022
  Telephone:  (212) 999-5800

  AMIT Q. GRESSEL (*pro hac vice*)
  agressel@wsgr.com
  One Market Street
  Spear Tower, Suite 3300
  San Francisco, CA 94105
  Telephone: (415) 947-2000

  Attorneys for Defendants
  GOOGLE LLC and YOUTUBE, LLC

## **LOCAL RULE 3.01(g) CERTIFICATION**

Pursuant to Local Rule 3.01(g), in a good faith effort to resolve this motion, counsel for Defendants Google LLC and YouTube, LLC conferred by telephone with counsel for Plaintiff, and separately with counsel for Defendants James Jackson and Lucas Jackson (the "Jackson Defendants"). Counsel advised that Plaintiff and the Jackson Defendants oppose this motion.

*/s/ Nathan M. Berman*
Nathan M. Berman


## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 15, 2023, I electronically filed the foregoing with the Clerk of Court by using the Court's CM/ECF system thereby serving all registered users in this case.

*/s/ Nathan M. Berman*
Nathan M. Berman