UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Ocala Division

| | |
|---|---|
| REGINA ALONSO,<br><br>    Plaintiff,<br><br>v.<br><br>GOOGLE LLC, YOUTUBE LLC;<br>JAMES JACKSON, also known online as<br>"ONISION," and LUCAS JACKSON,<br>Formerly known online as<br>"LAINEYBOT," "LAINEY" and "KAI,"<br><br>    Defendants. | Case No.: 5:23-cv-00091-JA-PRL |

## Uniform Case Management Report

The goal of this case management report is to "secure the just, speedy, and inexpensive determination of" the action. *See* Fed. R. Civ. P. 1. Under Local Rule 3.02(a)(2), this case management report should be used in all civil cases except those described in Local Rule 3.02(d). Individual judges may have additional case management preferences that can be found under each judge's name on the Court's website, flmd.uscourts.gov/judges/all.

1. **Date and Attendees**

> The parties may conduct the planning conference "in person, by telephone, or by comparable means[.]" *See* Local Rule 3.02(a)(1).

The parties conducted the planning conference by telephone conference on May 9, 2023. The following counsel attended the conference.

**Lisa Haba, Jennifer Freeman and Margaret Mabie – counsel for Plaintiff Regina Alonso;**

**Steven Meyer – counsel for Defendants James Jackson and Lucas Jackson;**

**Nathan Berman, Amit Gressel and Benjamin Margo – counsel for Defendants Google LLC and YouTube, LLC (collectively "Google").**

2. **Deadlines and Dates**

The parties request these deadlines and dates:

| Action or Event | Date |
| --- | --- |
| Deadline for providing mandatory initial disclosures. *See* Fed. R. Civ. P. 26(a)(1). | 7/14/2023 |
| Deadline for moving to join a party, *see* Fed. R. Civ. P. 14, 19, and 20, or amend the pleadings, *see* Fed. R. Civ. P. 15(a). | 10/1/2023 |
| Deadline for serving expert disclosures under Rule 26(a)(2), including any report required by Rule 26(a)(2)(B).  Plaintiff | 2/24/2024 |
| Defendant | 3/17/2024 |
| Rebuttal | 4/7/2024 |
| Deadline for completing discovery and filing any motion to compel discovery. *See* Fed. R. Civ. P. 37; *Middle District Discovery* (2021). | 4/28/2024 |
| Deadline for moving for class certification, if applicable. *See* Fed. R. Civ. P. 23(c). | Not Applicable |
| Deadline for filing any dispositive and *Daubert* motion. *See* Fed. R. Civ. P. 56. (Must be at least five months before requested trial date.) | 6/1/2024 |
| Deadline for participating in mediation. See Local Rules, ch. 4. Hillary High  Hillary High P.A., hhigh@hilaryhighpa.com | (813) 310-1742 | 5/17/2024 |
| Date of the final pretrial meeting. *See* Local Rule 3.06(a). | 9/15/2024 |

| | |
|---|---|
| Deadline for filing the joint final pretrial statement, any motion in limine, proposed jury instructions, and verdict form. *See* Local Rule 3.06(b). (Must be at least seven days before the final pretrial conference.) | 9/22/2024 |
| Date of the final pretrial conference. *See* Fed. R. Civ. P. 16(e); Local Rule 3.06(b). | 10/2/2024 |
| Month and year of the trial term. | 11/1/2024 |

The trial will last approximately 10 days and be

☒ jury.

☐ non-jury.

3. **Description of the Action**

**Plaintiff alleges that defendants James Jackson and Lucas Jackson used their YouTube channels and online forums to meet and groom Plaintiff, that they enticed and encouraged Plaintiff to engage in sex acts while Plaintiff was a minor, and that Lucas Jackson solicited and possessed child pornography depicting Plaintiff, in violation of federal sex trafficking and child pornography laws.**

**Plaintiff alleges that YouTube and Google joined in an agency and/or profit-sharing relationship with James Jackson through the YouTube Partnership Program. The Google Defendants knew or should have known that James Jackson was violating the terms of service and knowingly benefitted from a sex trafficking venture.**

**The Jackson Defendants deny the allegations and assert that Plaintiff's claims are without factual or legal merit.**

**Google and YouTube deny Plaintiff's allegations. Further, Google and YouTube assert that, as explained in their pending motion to dismiss, Plaintiff's claims fail as a matter of law because the Complaint alleges no culpable involvement by Google or YouTube in the Jackson Defendants' alleged off-line misconduct, because the statutes at issue do not provide for**

**secondary liability in any event, and because the Complaint does not allege that Google or YouTube itself violated any criminal statute. Beyond that, Section 230 of the Communications Decency Act bars Plaintiff's claims.**

4.   **Disclosure Statement**

☒ The parties have filed their [disclosure statement](disclosure statement) as required by Federal Rule of Civil Procedure 7.1 and Local Rule 3.03.

5.   **Related Action**

☒ The parties acknowledge their continuing duty under Local Rule 1.07(c) to notify the judge of a related action pending in the Middle District or elsewhere by filing a "Notice of a Related Action." No notice need be filed if there are no related actions as defined by the rule.

**Plaintiff filed a Notice of Related Action on March 3, 2023 (Doc. 12).**

6.   **Consent to a Magistrate Judge**

> "A United States magistrate judge in the Middle District can exercise the maximum authority and perform any duty permitted by the Constitution and other laws of the United States." Local Rule 1.02(a). With the parties' consent, a district judge can refer any civil matter to a magistrate judge for any or all proceedings, including a non-jury or jury trial. 28 U.S.C. § 636(c).
>
> The Court asks the parties and counsel to consider the benefits to the parties and the Court of consenting to proceed before a magistrate judge. Consent can provide the parties certainty and flexibility in scheduling. Consent is voluntary, and a party for any reason can decide not to consent and continue before the district judge without adverse consequences. *See* Fed. R. Civ. P. 73(b)(2).

☐ The parties do consent and file with this case management report a completed Form AO 85 "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge," which is [available on the Court's website](available on the Court's website) under "Forms."

☒ The parties do not consent.

7. **Preliminary Pretrial Conference**

☒ The parties do not request a preliminary pretrial conference before the Court enters a scheduling order.

☐ The parties do request a preliminary pretrial conference, and the parties want to discuss enter discussion points.

8. **Discovery Practice**

> The parties should read the Middle District Discovery Handbook, available on the Court's website at flmd.uscourts.gov/civil-discovery-handbook, to understand discovery practice in this District.

☒ The parties confirm they will comply with their duty to confer with the opposing party in a good faith effort to resolve any discovery dispute before filing a motion. *See* Local Rule 3.01(g); *Middle District Discovery* (2021) at § I.A.2.

9. **Discovery Plan**

The parties submit the following discovery plan under Rule 26(f)(2):

A. The parties agree to the timing, form, or requirement for disclosures under Rule 26(a):

☐ Yes.
☒ No; instead, the parties agree to these changes: **Parties agree to a deadline of July 14, 2023.**

**Google's stipulation to a July 14, 2023, date is without prejudice to its right to move to stay discovery pending the Court's ruling on Google's motion to dismiss.**

B. Discovery may be needed on these subjects: **liability, damages, Plaintiff's contributory negligence.**

C. Discovery should be conducted in phases:

☐ No.
☒ Yes; **The Defendants believe that the parties should refrain from conducting discovery until the Defendants' motions to dismiss and/or motion to transfer venue are resolved. The Defendants reserve their right to move to stay discovery.**

D. Are there issues about disclosure, discovery, or preservation of electronically stored information?

☒ No.
☐ Yes; describe the issue(s).

E. ☒ The parties have considered privilege and work-product issues, including whether to ask the Court to include any agreement in an order under Federal Rule of Evidence 502(d).

**The parties will make a good faith effort to prepare and agree to a mutually agreeable confidentiality agreement and ESI stipulation.**

F. The parties stipulate to changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure and Local Rule 3.04 or other limitations:

☐ No.
☒ Yes; **The parties agree to a limit of 25 Requests for Admission (except RFAs regarding document authentication) and 40 Requests for Production.**

8747287.1

## 10. Request for Special Handling

☒ The parties do not request special handling.

☐ The parties request special handling. Specifically, describe requested special handling.

☐ Enter party's name unilaterally requests special handling. Specifically, describe requested special handling.

## 11. Certification of familiarity with the Local Rules

☒ The parties certify that they have read and are familiar with the Court's Local Rules.

## 12. Signatures

Date: May 19, 2023

*/s/ Lisa D. Haba*
Lisa D. Haba
The Haba Law Firm, P.A.
1220 Commerce Park Dr., Ste. 207
Longwood, FL 32779
(844) 422-2529
lisahaba@habalaw.com

Margaret Elizabeth Mabie
Jennifer Freeman
Marsh Law Firm PLLC
31 Hudson Yards, 11th Floor
New York, NY 10001
315-296-9046
margaretmabie@marsh.law
jenniferfreeman@marsh.law

*Counsel for Plaintiff*

Date: May 19, 2023

*/s/ Steven H. Meyer*
Steven H. Meyer
CPLS, P.A.
201 E. Pine Street
Orlando, FL 32817
Tel: 407-539-2978
smeyer@cplspa.com

*Counsel for Defendants James Jackson and Lucas Jackson*

8747287.1

Date: May 19, 2023

*/s/ Nathan M. Berman*
Nathan M. Berman
Zuckerman Spaeder LLP
101 E. Kennedy Blvd., Suite 1200
Tampa, Florida 33602
Tel: 813-221-1010
nberman@zuckerman.com

Brian M. Willen
Benjamin Margo
Wilson Sonsini Goodrich & Rosati
Professional Corporation
1301 Avenue of the Americas, 40th Floor
New York, NY 10019-6022
Tel: 650-849-3340
bwillen@wsgr.com
bmargo@wsgr.com

Amit Q. Gressel
Wilson Sonsini Goodrich & Rosati
Professional Corporation
One Market Street
Spear Tower, Suite 3300
Tel:415-947-2087
agressel@wsgr.com

*Counsel for Defendants Google LLC and YouTube, LLC*