UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**REGINA ALONSO,**

        **Plaintiff,**

v.                                          Case No. 5:23-cv-91-JA-PRL

**GOOGLE LLC, YOUTUBE LLC, JAMES JACKSON, and LUCAS JACKSON,**

        **Defendants.**

## CASE MANAGEMENT AND SCHEDULING ORDER

Having considered the Case Management Report (Doc. 42) prepared by the parties, the Court enters this Case Management and Scheduling Order:

| | | |
|---|---|---|
| **Mandatory Initial Disclosures** | | July 14, 2023 |
| **Disclosure Statement** | | Completed |
| **Motions to Add Parties or Amend Pleadings** | | October 2, 2023 |
| **Disclosure of Expert Reports** | Plaintiff:<br>Defendant:<br>Rebuttal: | February 23, 2024<br>March 18, 2024<br>April 8, 2024 |
| **Completion of Discovery** | | April 29, 2024 |
| **Dispositive and *Daubert* Motions** | | June 3, 2024 |
| **Meeting to Prepare Joint Final Pretrial Statement** | | September 16, 2024 |

| | |
|---|---|
| **Joint Final Pretrial Statement (Including Exhibit Lists, Witness Lists, and a Single Set of Jointly Proposed Jury Instructions, Verdict Form, and Voir Dire Questions)** | **September 23, 2024** |
| **All Other Motions Including Motions *In Limine*** | **September 23, 2024** |
| **Trial Briefs (see III.D.1) below** | **October 18, 2024** |
| **Final Pretrial Conference** | **Upon Notice** |
| **Trial Term Begins** | **November 1, 2024** |
| **Estimated Length of Trial** | **10 days** |
| **Jury/Non-Jury** | **Jury** |
| **Mediation**                              Deadline:<br>                                              Mediator:<br>                                             Telephone:<br><br><br>**Designated Lead Counsel must contact opposing counsel and the mediator to reserve a mediation date and file a Notice with the Court within 14 days of this Order advising of the date.** | **May 17, 2024**<br>**Hillary High**<br>**(813) 310-1742** |
| **Designated Lead Counsel**        Lawyer's Name:<br>**Pursuant to Local Rule 4.03(c)**       Telephone: | **Jennifer Freeman**<br>**212-372-3030** |

The purpose of this Order is to discourage wasteful pretrial activity and to secure the just, speedy, and inexpensive determination of the action. *See* Fed. R. Civ. P. 1; Local Rule 1.01(a). This Order controls the course of this proceeding. All parties—whether represented by a lawyer or appearing *pro se*—must comply with this Order, the Federal Rules of Civil Procedure, the

2

Local Rules of the United States District Court for the Middle District of Florida, and the Administrative Procedures for Case Management/Electronic Case Filing. A copy of the Local Rules and Administrative Procedures may be viewed at http://www.flmd.uscourts.gov. Lawyers must also comply with the *Ideals and Goals of Professionalism* adopted by the Board of Governors of the Florida Bar on May 16, 1990 (now known as Professional Expectations), available at https://www.floridabar.org/prof/regulating-professionalism/professionalism-expectations-2/.

## I.  DISCOVERY

**A.  Disclosure Statement** – This Court previously ordered each party, intervenor, non-party movant, and Rule 69 garnishee to file and serve a Disclosure Statement using a mandatory form. No party may seek discovery from any source before filing and serving a Disclosure Statement. A motion, memorandum, response, or other paper—including an emergency motion—may be denied or stricken unless the filing party filed and served a Disclosure Statement. Any party who has not sooner filed and served the required Disclosure Statement must do so by the deadline set in this Order. Failure to timely file a Disclosure Statement may result in imposition of sanctions.

**B.  Discovery Not Filed** – The parties may not file discovery materials with the Court except in support of or in response to a motion.

**C.  Discovery Deadline** – Each party must timely serve discovery requests allowing for responses prior to the discovery deadline. The Court may deny as untimely motions to compel filed after the discovery deadline.

**D.  Confidentiality Agreements** – The parties may reach their own agreement regarding the designation of materials as "confidential." The Court ordinarily will enforce signed confidentiality agreements. An order granting a motion to designate material as confidential is not an order permitting filing under seal. *See* "Motions to File Under Seal" below; Local Rule 1.11.

## II. MOTIONS

    **A.**    **Certificate of Good Faith Conference** – The parties must comply with the conferral requirements of Local Rule 3.01(g). The Court will deny motions requiring but lacking a 3.01(g) certificate.

    **B.**    **Extension of Deadlines**

Extension of a deadline requires Court approval. The filing of a motion for extension of time does not toll the time for compliance with deadlines established by rule or order.

        **1.**    **Dispositive Motion Deadline and Trial Not Extended** – The Court will ordinarily deny motions to extend the dispositive motion deadline or to continue trial. The Court will grant such motions only when necessary to prevent manifest injustice. A motion for a continuance of the trial is subject to denial if it fails to comply with Local Rule 3.08.

        **2.**    **Extension of Other Deadlines Disfavored** – The Court disfavors motions for an extension of other deadlines established in this Order, including the discovery deadline. The Court will not extend a deadline absent a showing of good cause. Fed. R. Civ. P. 16(b)(4). Failure to complete discovery by the discovery deadline does not constitute cause for a continuance. The Court will ordinarily deny a motion to extend an established deadline if the motion fails to recite that: 1) the motion is joint or unopposed; 2) additional discovery is necessary for specified reasons; 3) all parties agree that the extension will not affect the dispositive motion deadline or trial date; 4) all parties agree that any discovery conducted after the dispositive motion deadline will not be available for summary judgment purposes; and 5) no party will use the granting of the extension in support of a motion to extend another deadline or to change the trial date.

    **C.**    **Motions to File Under Seal** – The Court will deny motions to file under seal unless they comply with Local Rule 1.11. Whether documents may be filed under seal is a separate issue from whether the parties may agree that produced documents are confidential.

    **D.**    **Emergency Motions** – The Court may consider and determine emergency or time-sensitive motions at any time. The designation of a motion as "emergency" may cause a judge to abandon other pending matters to immediately address the "emergency." A lawyer or party who designates a motion as "emergency" under circumstances that are not a true emergency is

subject to sanction. Local Rule 3.01(e). After filing an emergency motion, the filer shall promptly telephone chambers to notify the Court of the filing.

### E. Motions for Summary Judgment

**1. Limit** – Absent leave of court, no party may file more than one motion for summary judgment.

**2. Required Materials** – The page limits and filing deadlines specified in Local Rule 3.01(a)–(d) apply to summary judgment filings. In the motion for summary judgment and its incorporated memorandum, the movant must identify the material facts as to which the moving party contends there is no genuine issue for trial. In its memorandum in opposition, an opposing party must identify the material facts as to which that party contends there exists a genuine issue for trial. All evidence submitted in support of or in opposition to a motion for summary judgment must be in the form required by Federal Rule of Civil Procedure 56. Both the movant and an opposing party must provide pinpoint citations to the pages and lines of the record supporting each material fact. General references to a deposition are inadequate. On or before the date on which the memorandum in opposition is due, the parties may also file a stipulation of agreed material facts signed by the movant and the opposing party pursuant to Local Rule 3.05. Material facts set forth in the stipulation will be deemed admitted for the purposes of the motion.

**3. Under Advisement** – The Court takes a motion for summary judgment under advisement forty days after it is filed, unless the Court orders a different date. Unless specifically ordered, the Court will not hold a hearing on the motion. Failure to oppose any motion for summary judgment may result in the entry of a judgment for the movant without further proceedings. *See Milburn v. United States*, 734 F.2d 762, 765 (11th Cir. 1984); *Griffith v. Wainwright*, 772 F.2d 822, 825 (11th Cir. 1985) (*per curiam*); Fed. R. Civ. P. 56(e).

**4. Paper Copies Required** – The Court requires a paper copy of all summary judgment filings, marked "Courtesy Copy for Judge Antoon," to be mailed or delivered to the Court within five days of electronic filing.

### F. *Daubert* and *Markman* Motions

Any party seeking a ruling pursuant to *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) (admissibility of expert opinions), or *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996) (interpretation of a patent claim), must file an appropriate

motion by the deadline set in this Order.  Where appropriate, the parties must prepare a glossary of technical or scientific terms for the Court.

      **G.**    **Motions *In Limine*** – Absent leave of court, no party may file more than one motion in limine.

## III.    JOINT FINAL PRETRIAL STATEMENT

      **A.**    **Meeting** – Each unrepresented party and lead trial counsel for each represented party must meet together in person or by videoconference to prepare the Joint Final Pretrial Statement as required by Local Rule 3.06.  The purposes of the meeting are to:

      **1.**    Thoroughly and exhaustively discuss settlement of the action before undertaking final preparation;

      **2.**    Strive to stipulate in detail to facts and law and to narrow the issues of fact and law that remain contested;

      **3.**    Tag, mark, identify, examine, copy, and list all original trial exhibits (including actual document exhibits) that any party will offer in evidence or otherwise tender to any witness during trial and prepare and exchange a final exhibit list on the Clerk's approved form (attached to this Order) bearing a description identifying each exhibit and sponsoring witness.  It is anticipated that parties will agree to the admission of the bulk of opposing parties' exhibits without objection and designate on the exhibit list the exhibits that the Court may admit without objection at trial.  Absent good cause, the Court will not receive in evidence over objection any exhibits—including charts, diagrams, and demonstrative evidence—not presented to the opposing side for inspection and copying at the required meeting.  Photographs of sensitive exhibits (*e.g.*, guns, drugs, valuables) and of non-documentary evidence, as well as reductions of documentary exhibits larger than 8½" by 14" to be substituted for original exhibits after conclusion of the trial, must be presented to opposing counsel for examination at the meeting to prepare the Joint Final Pretrial Statement.  Objections to such photographs or reductions of exhibits must be listed in the Joint Final Pretrial Statement.  The parties are directed to contact the trial judge's courtroom deputy clerk to discuss exhibits and equipment to be used during trial; and

      **4.**    Exchange the names, addresses, and telephone numbers of all witnesses and state whether they will likely be called.

### B.  The Joint Final Pretrial Statement

**1.  Form of Joint Final Pretrial Statement** – The parties' Joint Final Pretrial Statement must conform to the requirements of Local Rule 3.06(b) and this Order.  This case must be fully ready for trial at the time that the Joint Final Pretrial Statement is due.  Each unrepresented party and lead counsel for each represented party must sign the Joint Final Pretrial Statement.  The signatures must follow this certification:  "In preparing this final pretrial statement, I have aimed for the just, speedy, and inexpensive resolution of this action."  Local Rule 3.06(b)(15).  The Court may strike pretrial statements that are unilateral, improperly executed, or otherwise incomplete.  Sanctions may be imposed for failure to comply, including the striking of pleadings.  At the conclusion of the final pretrial conference, all pleadings are deemed to merge into the Joint Final Pretrial Statement, which will control the course of the trial.

**2.  Exhibit List** – The exhibit list filed in compliance with Local Rules 3.06(b)(4) and 3.07(b) must be on the Clerk's approved form (attached to this Order).  Unlisted exhibits will not be received in evidence at trial except by order of the Court in the furtherance of justice.  The Joint Final Pretrial Statement must attach each party's exhibit list on the approved form listing each specific objection to each numbered exhibit that remains after full discussion and stipulation.  Objections not made—or not made with specificity—are waived.

**3.  Witnesses** – On the witness list required by Local Rule 3.06(b)(5), the parties must designate which witnesses will likely be called and which witnesses may be called.  Absent good cause, the Court will not permit over objection testimony from unlisted witnesses at trial.  This restriction does not apply to true rebuttal witnesses (i.e., witnesses whose testimony could not reasonably have been foreseen to be necessary).  The Court encourages stipulations of fact and depositions to avoid calling unnecessary witnesses.  The Court may permit presentation of testimony in open court by contemporaneous transmission from a different location.  *See* Fed. R. Civ. P. 43(a).

**4.  Depositions** – The parties must designate in the Joint Final Pretrial Statement the pages and lines of each deposition (except where used solely for impeachment) to be published to the trier of fact.  The parties must include in the Joint Final Pretrial Statement a page-and-line description of any testimony that remains in dispute after an active and substantial effort at

resolution, together with argument and authority for each party's position. The parties must prepare for consideration at the final pretrial conference or trial a copy of any deposition or deposition excerpt that will be offered in evidence.

      **5.**    **Joint Jury Instructions, Verdict Form, and Voir Dire Questions** – In cases to be tried before a jury, the parties must attach to the Joint Final Pretrial Statement a single jointly proposed set of jury instructions in the sequence in which they are to be presented to the jury, together with a single jointly proposed jury verdict form. The Court prefers pattern jury instructions approved by the United States Court of Appeals for the Eleventh Circuit. Within the single set of jointly proposed instructions, a party may include a contested instruction designated as contested and bearing the name of the requesting party, a citation of authority supporting the proposed instruction, and a summary of the opposing party's objection. The Court requires that the parties send the Court an e-mail[1] containing the single set of jury instructions and verdict form in Microsoft Word® format. The parties may include in the Joint Final Pretrial Statement a single list of jointly proposed questions for the Court to ask the venire during voir dire.

      **C.**    **Coordination of Joint Final Pretrial Statement** – All parties are responsible for filing a Joint Final Pretrial Statement in compliance with this Order. The lawyer named as Designated Lead Counsel for mediation is responsible for coordinating compliance with the requirements of meeting and preparing the Joint Final Pretrial Statement. If unable to coordinate such compliance, Designated Lead Counsel must promptly notify the Court by written motion or request for a status conference.

      **D.**    **Trial Briefs and Other Materials**

      **1.**    **Trial Briefs** – In the case of a non-jury trial, each party must file and serve a trial brief with proposed findings of fact and conclusions of law. In the case of a jury trial, the parties may file trial briefs.

      **2.**    **Exhibit Notebook** – On the first day of a jury trial or non-jury trial, the parties must provide to the Court a bench notebook containing marked copies of all exhibits. A party may contact the courtroom deputy clerk for the trial judge to determine whether this requirement may be waived.

---

[1] E-mail should be sent to the chambers e-mail address of the presiding judge, which can be found on the Court's website.

## IV.   MEDIATION

**A.    Purpose** – To minimize costly pretrial procedures in a case that may be equitably settled, and to secure the just, speedy, and inexpensive determination of this action, all parties must participate in good faith in mediation.  *See* Fed. R. Civ. P. 1; Local Rules 4.01, 4.02, & 4.03.

**B.    Last Date to Mediate** –  Neither the mediator nor the parties have authority to continue the mediation conference beyond the mediation deadline except on express order of the Court.  The mediator has the authority to conduct the mediation in a series of sessions and in groups of parties so that mediation is completed by the deadline.

**C.    General Rules Governing Mediation Conference**

   **1.    Scheduling** – The mediator may set an abbreviated scheduling conference prior to the scheduled mediation.  At least two days prior to the mediation conference, each party must deliver to the mediator a written summary of the facts and issues of the case.

   **2.    Identification of Corporate Representative** – As part of the written case summary, each corporate party must state the name and job description of the employee or agent who will attend and participate with full authority to settle on behalf of the corporate party.

   **3.    Location** –  Unless the parties and the mediator agree otherwise, the mediator shall conduct the mediation conference in the conference room of the mediator's law firm or office at a time and date selected by the mediator within the confines of this Order.

   **4.    Attendance Requirements and Sanctions** – Each lawyer acting as lead trial counsel and each party (and in the case of a corporate party, a corporate representative with full authority to settle) must attend and participate in the mediation conference.  In the case of an insurance company, the term "full authority to settle" means authority to settle for the full value of the claim or policy limit.  The Court may impose sanctions upon parties and lawyers who do not attend and participate in good faith in the mediation conference.  *See* Local Rule 4.03(e).

   **5.    Authority to Declare Impasse** –  Only the mediator may declare an impasse or end the mediation.  No participant may force the early conclusion of a mediation because of travel plans or other engagements.

9

Participants must be prepared to spend as much time as may be necessary to settle the case.

      **6.** **Restrictions on Offers to Compromise** – Evidence of an offer to compromise a claim is not admissible to prove liability for or invalidity of the claim or its amount. *See* Fed. R. Evid. 408. All discussions, representations, and statements made at the mediation conference are privileged settlement negotiations. Except in a supplemental proceeding to enforce a settlement agreement, nothing related to the mediation conference will be admitted in evidence at trial or be subject to discovery. *See id.* A communication between a party and a mediator during a private caucus is also confidential unless the party expressly waives confidentiality.

    **D.** **Settlement and Report of Mediator** – The parties must reduce to writing any settlement agreement reached at mediation, and the parties and their lawyers must sign the agreement in the presence of the mediator. Within seven days of the conclusion of the mediation conference, the mediator shall file a written report stating the result and whether all required parties were present. *See* Local Rule 4.03(f). The mediator may report any conduct of a party or lawyer that falls short of a good faith effort to resolve the case by agreement or fails to comply with this Order.

## V.    FINAL PRETRIAL CONFERENCE

    **A.** **Lead Trial Counsel and Parties** – Lead trial counsel for each party, together with any unrepresented party, must attend the final pretrial conference in person unless previously excused by the Court. *See* Fed. R. Civ. P. 16(e).

    **B.** **Substance of Final Pretrial Conference** – At the final pretrial conference, the parties must be prepared and authorized to accomplish the purposes set forth in Fed. R. Civ. P. 16 and Local Rule 3.06. These purposes include but are not limited to: formulating and simplifying the issues; eliminating frivolous claims and defenses; admitting facts and documents to avoid unnecessary proof; stipulating to the authenticity of documents; obtaining advance rulings from the Court on the admissibility of evidence; settling the dispute; disposing of pending motions; establishing a reasonable limit on the time allowed for presenting evidence; and such other matters as may facilitate the just, speedy, and inexpensive disposition of the action.

## VI. SANCTIONS

The Court may impose sanctions on any party or lawyer: 1) who fails to attend and to participate actively in the meeting to prepare the Joint Final Pretrial Statement or who refuses to sign and file the agreed document; 2) who fails to attend the Final Pretrial Conference or who is substantially unprepared to participate; 3) who fails to attend the mediation and actively participate in good faith, who attends the mediation without full authority to negotiate a settlement, or who is substantially unprepared to participate in the mediation; or 4) who otherwise fails to comply with this Order. Sanctions may include but are not limited to an award of reasonable attorney's fees and costs, striking of pleadings, entry of default, dismissal of the case, and contempt of court. *See* Fed. Rs. Civ. P. 16(f) and 37; Local Rule 4.03(e); 28 U.S.C. § 1927.

## VII. TRIAL

**A.    Trial Before District Judge** – A case scheduled for trial will be called for trial as soon after the first day of the trial term as is possible in light of the Court's felony and civil trial calendar.[2] Cases not reached for trial in the month scheduled will be carried over to the following month on a trailing trial calendar, and issued subpoenas will continue in force. Parties and witnesses must be available on twenty-four hours' notice for trial after the beginning of the trial term. The case may be set for trial in any division of the Court. Absent a showing of good cause, any party whose turn it is to provide evidence will be deemed to have rested if, during the hours designated for trial, the party has no further evidence or witnesses available.

**B.    Trial Before Magistrate Judge** – With consent of the parties, a United States Magistrate Judge is available pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73 to conduct all further proceedings in this case (or regarding specified motions in this case), to conduct a jury or non-jury trial, and to enter final judgment. Consent must be unanimous. A party may appeal a final judgment of a Magistrate Judge to the United States Court of Appeals for the Eleventh Circuit in the same manner as an appeal from the district court. 28 U.S.C. § 636(c)(3); Fed. R. Civ. P. 73(c). A party is free to

---

[2] This case may be reassigned to a visiting District Judge at any time. In extraordinary circumstances, the Court may re-notice this case for trial shortly before the first day of the trial term if necessary to accommodate the trial schedule of the District Judge.

withhold consent without adverse substantive consequences. 28 U.S.C. § 636(c)(2); Fed. R. Civ. P. 73(b)(2). Consent forms are attached to this Order.

**C.     Settlement** – Parties must immediately notify the Court upon settlement of all or part of any civil action. Local Rule 3.09(a). The parties must notify the Court of any settlement or other disposition of the case that will eliminate the need for a jury by 11:30 a.m. on the last business day before the date scheduled for jury selection. Failure to do so will subject each party to joint and several liability for jury costs. Regardless of the status of settlement negotiations, the parties must appear for all scheduled hearings, including the Final Pretrial Conference, and for trial absent the closure of the case or the filing of a stipulation of dismissal signed by all parties who have appeared in the action (or notice of dismissal if prior to answer and motion for summary judgment). Fed. R. Civ. P. 41(a).

**DONE AND ORDERED** on May 22, 2023.

JOHN ANTOON II
United States District Judge

Attachments:         Exhibit List Form [mandatory form]
                     Magistrate Judge Consent / Entire Case
                     Magistrate Judge Consent / Specified Motions

Copies to:           United States Magistrate Judge
                     All Counsel of Record
                     All *Pro Se* Parties
                     Mediator

# EXHIBIT LIST

\_\_\_\_ Government   \_\_\_\_ Plaintiff   \_\_\_\_ Defendant   \_\_\_\_ Court

Case No.   _____

Style:   _____

| Exhibit No. | Date Identified | Date Admitted | Sponsoring Witnesses | Objections / Stipulated Admissions[1] | Description of Exhibit |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

[1] Use a code (e.g. "A" or "*") in this column to identify exhibits to be received in evidence by agreement without objections. Otherwise, specifically state each objection to each opposed exhibit. Please note that each date box on the left must be one inch wide to accommodate the Clerk's stamp.

AO 85 (Rev. 8/98) Notice, Consent and Order of Reference – Exercise of Jurisdiction of United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### OCALA DIVISION

**REGINA ALONSO,**

    **Plaintiff,**

**v.**      Case No. 5:23-cv-91-JA-PRL

**GOOGLE LLC, YOUTUBE LLC, JAMES JACKSON and LUCAS JACKSON,**

    **Defendants.**

_____

### NOTICE OF AVAILABILITY OF A UNITED STATES MAGISTRATE JUDGE TO EXERCISE JURISDICTION

In accordance with the provisions of 28 U.S.C. 636(c) and Fed. R. Civ. P. 73, you are hereby notified that a United States magistrate judge of this district court is available to conduct any or all proceedings in this case, including a jury or nonjury trial, and to order the entry of a final judgment. Exercise of this jurisdiction by a magistrate judge is, however, permitted only if all parties voluntarily consent.

You may, without adverse substantive consequences, withhold your consent, but this will prevent the court's jurisdiction from being exercised by a magistrate judge. If any party withholds consent, the identity of the parties consenting or withholding consent will not be communicated to any magistrate judge or to the district judge to whom the case has been assigned.

An appeal from a judgment entered by a magistrate judge shall be taken directly to the United States court of appeals for this judicial circuit in the same manner as an appeal from any other judgment of a district court.

### CONSENT TO EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE

In accordance with the provisions of 28 U.S.C. 636(c), and Fed.R.Civ.P. 73, the parties in this case hereby voluntarily consent to have a United States magistrate judge conduct any and all further proceedings in the case, including, the trial, order the entry of a final judgment, and conduct all post-judgment proceedings.

| Signatures | Party Represented | Date |
|---|---|---|
| | | |
| | | |

### ORDER OF REFERENCE

It Is ORDERED that this case be referred to the UNITED STATES MAGISTRATE JUDGE for all further proceedings and the entry of judgment in accordance with 28 U.S.C. 636(c), Fed. R. Civ. P. 73 and the foregoing consent of the parties.

| DATE | UNITED STATES DISTRICT JUDGE |
|---|---|

**NOTE:** RETURN THIS FORM TO THE CLERK OF THE COURT ONLY IF ALL PARTIES HAVE CONSENTED ON THIS FORM TO THE EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

REGINA ALONSO,

        Plaintiff,

v.                                                Case No. 5:23-cv-91-JA-PRL

GOOGLE LLC, YOUTUBE LLC, JAMES JACKSON and LUCAS JACKSON,

        Defendants.

_____

**CONSENT TO EXERCISE JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE OVER DISPOSITIVE MOTIONS DESCRIBED UNDER 28 U.S.C. § 636(b)(1)(B)**

**CONSENT TO EXERCISE OF JURISDICTION**

    In accordance with the provisions of 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73, the parties in this case consent to have a United States Magistrate Judge conduct any and all proceedings and enter a final order as to each motion identified below.

MOTION(S) _____

| Party Represented | Signatures | Date |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

## ORDER OF REFERENCE

    **IT IS ORDERED** that the above motions(s) be referred to the United States Magistrate Judge assigned to this case to conduct all proceedings and enter a final order on such motions(s) in accordance with 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73.

_____                            _____
      DATE                                                                 UNITED STATES DISTRICT JUDGE

NOTE: RETURN THIS FORM TO THE CLERK OF COURT **ONLY IF** ALL PARTIES HAVE CONSENTED **ON THIS FORM** TO THE EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE.