UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

| | |
|---|---|
| REGINA ALONSO,<br><br>    Plaintiff,<br><br>    v.<br><br>GOOGLE LLC, YOUTUBE LLC,<br>JAMES JACKSON, also known online as<br>"ONISION," and LUCAS JACKSON,<br>formerly known online as<br>"LAINEYBOT," "LAINEY" and "KAI,"<br><br>    Defendants. | CASE NO.: 5:23-CV-91-JA-PRL |

**PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE**

On February 8, 2023, Plaintiff Regina Alonso, ("Plaintiff") initially filed this action (Dkt. No. 1) for civil damages against YouTube LLC ("YouTube") its parent company, Google, LLC ("Google"), James Jackson known online as "Onision," (hereinafter "Onision") and Lucas Jackson, formerly known online as "Laineybot," "Lainey," and "Kai," (hereinafter "Lucas") under the federal statutes 18 U.S.C. § 1595, Trafficking Victims Protection Reauthorization Act, 18 U.S.C. § 2255, Civil Remedies for Personal Injuries, and related state law claims arising from Defendant's conduct.

Defendants YouTube and Google were served on February 15, 2023 and had their counsel file a notice of appearance on March 7, 2023. Defendants Onision and Lucas were served on March 10, 2023 and had their counsel file a notice of appearance on March 30, 2023.

Plaintiff has made a diligent effort to comply with this Court's Initial Order. The Initial Order required Plaintiff to file a Disclosure Statement within 14 days, a Notice of a Related Pending Action within 14 days, and a Case Management Report ("CMR") within 40 days after "any defendant appears" in the case. Local Rule 3.02(b)(1). (Doc. 4). Plaintiff timely filed the Disclosure Statement and Notice of a Related Pending Action. (Doc. 8, 12).

The parties circulated an initial draft of the CMR on May 2, 2023 and the parties reviewed an initial group of mediators on May 3, 2023. The parties attempted to schedule a case management conference on May 4, 2023, but due to scheduling difficulties with one of the parties, that scheduling conference was unable to occur until May 9, 2023. At the conference, the parties agreed on all but three matters: (1) counsel for Google/YouTube needed to confirm one date change with their client, (2) counsel for the Jackson Defendants needed to confirm one item with their client, and (3) the parties agreed to exchange new names for mediators, as Defendants did not agree to Plaintiff's initially proposed mediator suggestions.

Since the meet and confer conference with opposing counsel, Plaintiff's counsel was waiting on responses to the above three outstanding items. Diligently working towards resolution, the parties continued to communicate. On May 15, 2023, Plaintiff's counsel sent three additional mediator options for consideration (*supra* item 3). On the same day, counsel for Google/YouTube sent five (5) mediator names for consideration (*supra* item 3). On May 17, 2023, counsel for the Google/YouTube affirmed that their client had confirmed agreement to the date change (*supra* item 1).

On May 18, 2023, Plaintiff agreed to Google/YouTube's mediator recommendation of Hillary High (*supra* item 3).  On May 19, 2023, counsel for the Jackson Defendants confirmed that his clients were in agreement with the outstanding matter (*supra* item 2) and confirmed agreement with Mediator Hillary High (*supra* item 3).

Local Rule 3.02 requires a CMR to be prepared by the ***parties***.  The Rule does not allow a Plaintiff to unilaterally file this report.  As such, as soon as the necessary information was provided and all parties confirmed authorization to file on May 19, 2023, Plaintiff's counsel immediately filed the CMR.  Plaintiff has been diligently pursuing the completion of the CMR and any delays were not due to a failure to prosecute by Plaintiff.

"Dismissal of a case with prejudice under Rule 41(b) is a sanction of last resort, applicable only in extreme circumstance. *McIntosh v. Gauthier*, 182 F. App'x 884, 886 (11th Cir. 2006) (citing *Goforth v. Owens,* 766 F.2d 1533, 1535 (11th Cir.1985)). "Simple negligence does not warrant dismissal." *Id*. (citing *McKelvey v. AT & T Techs., Inc.*, 789 F.2d 1518, 1520 (11th Cir.1986)). "Rather, dismissal is appropriate where there is a clear record of willful contempt and an implicit or explicit finding that lesser sanctions would not suffice." *Id.* (quoting *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir.1999) (internal quotations omitted).

The Eleventh Circuit defines "willful contempt" as "contumacious conduct." *Roper v. Bd. of Cnty. Comm'n. of Brevard Cnty.*, No. 6:06-CV-1551ORL19JGG, at *4 (M.D. Fla. Dec. 7, 2007) (citing *Collins v. Lake Helen, L.P.,* No. 07-10004, 2007 WL

2735776, *3 (11th Cir. 2007). "Contumacious conduct" has been defined as the deliberate disobedience of a court order. Black's Law Dictionary 315 (8th ed.2004). Plaintiff did not deliberately delay or disobey this Court's order, but rather was waiting on responses from other parties and filed the CMR as soon as possible.

WHEREFORE, Plaintiff requests that this Court discharge the Order to Show Cause, as the delay in filing the CMR was not the result of any willful conduct on the part of Plaintiff and the CMR has now been filed with the contributions and consent of all parties involved in the action.

DATED: May 22, 2023

/s/ Lisa D. Haba
Lisa D. Haba (FBN 077535)
**THE HABA LAW FIRM, P.A.**
1220 Commerce Park Dr., Suite 207
Longwood, FL 32779
Telephone: (844) 422-2529
lisahaba@habalaw.com

Jennifer Freeman (FBN 1014236)
Margaret E. Mabie (*Pro Hac Vice*)
**MARSH LAW FIRM PLLC**
31 Hudson Yards, 11th Floor
New York, New York 10001
Telephone: (929) 232-3128
jenniferfreeman@marsh.law
margaretmabie@marsh.law

*Attorneys for Plaintiff*