UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

REGINA ALONSO,   CASE NO. 5:23-cv-00091-JA-PRL

    Plaintiff,

v.

GOOGLE LLC, YOUTUBE LLC,
JAMES JACKSON, also known online as
"ONISION," and LUCAS JACKSON,
formerly known online as "LAINEYBOT,"
"LAINEY" and "KAI,"

    Defendants.
_____/

**DEFENDANTS, JAMES JACKSON AND LUCAS JACKSON'S, RESPONSE TO THE MOTION TO TRANSFER THE CASE TO THE NORTHERN DISTRICT OF CALIFORNIA, FILED BY CO-DEFENDANTS, GOOGLE LLC AND YOUTUBE LLC (Doc. 39)**

Pursuant to Rule 3.01 of the Local Rules for the Middle District of Florida, the Defendants, James and Lucas Jackson, by and through their undersigned counsel, hereby respectfully respond to the motion to transfer the case to the Northern District of Florida (Doc. 39), filed by the co-Defendants, Google LLC ("Google") and YouTube LLC ("YouTube").

The gravamen of the co-Defendants' motion is that the forum selection clause in both the present and prior versions of YouTube's Terms of Service have/had a venue selection clause. Google and YouTube have filed the declaration of Ms. Raquel Small (Doc. 39-1), in which she attests to the language in the current version of the Terms of Service, and in some prior versions.

1

The Plaintiff's complaint alleges that James Jackson had a YouTube channel, and that the Plaintiff became a fan of this channel. The Plaintiff alleges that because she was a fan, she reached out to Lucas Jackson. She alleges that she communicated with Lucas Jackson between 2012 and 2015, but these communications occurred outside of YouTube. *See* ¶¶ 150 - 182 of Complaint (Doc. 1). According to the Plaintiff, they initially started communicating on Instagram (¶ 153), and then later communicated through Skype (¶ 177).

The time period at issue in the Complaint is the period 2012 – 2015.  Mr. Small states in her Declaration that

> For example, the version of the TOS in force on February 23, 2013 provides as follows in Section 14: "Any claim or dispute between you and YouTube that arises in whole or in part from the Service shall be decided exclusively by a court of competent jurisdiction located in Santa Clara County, California." A true and correct copy is attached as **Exhibit B**. The version of the TOS in force on February 6, 2015 contains identical forum-selection language. A true and correct copy of that version of the TOS is attached as **Exhibit C**.  (Bold in original).

*See* ¶ 5 of Mr. Small's Declaration (Doc. 39-1).

Google and YouTube have not provided any information as to YouTube's Terms of Service in 2012, which is part of the relevant time period. Further, the relevant forum selection clauses in the 2013 and 2015 versions of the Terms of Service relate only to a "claim or dispute between you and YouTube that arises in whole or in part from the Service."

With respect to the Plaintiff's claims against James and Lucas Jackson, the allegations all flow from communications alleged to have occurred on other platforms.

2

There is no indication as to how the claims "[arise] in whose or in part from [the YouTube service]."

James and Lucas Jackson make no claim or dispute against Google or YouTube. Even if it is construed that the Plaintiff's claims against Google and YouTube do arise from the YouTube service, there's no reason to bootstrap the Plaintiff's claims against James and Lucas Jackson into a forum selection clause that does not apply to the facts alleged.

If the Court grants Google and YouTube's motion to dismiss (Doc. 40), then the issue of the forum selection clause in the Terms of Service is moot. If the Court does not also grant the Jacksons' motion to dismiss (Doc. 33), then the Court should transfer the case to the Western District of Washington, as requested in that motion.

**CERTIFICATION OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent by electronic filing, which automatically serves a copy by email, to all counsel of record.

                              Steven H. Meyer, P.A.
                              401 West Fairbanks Avenue
                              Suite 100
                              Winter Park, FL 32789
                              Tel. (407) 289-0803
                              Fax (407) 539-2978
                              *Attorneys for Defendants*

Dated: May 30, 2023         By: /s/ Steven H. Meyer_____
                                          Steven H. Meyer
                                          Florida Bar No. 128562
                                          steven@thefirm.legal