# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

REGINA ALONSO,

               Plaintiff,

    v.

GOOGLE LLC, YOUTUBE LLC,
JAMES JACKSON, also known online
as "ONISION," and LUCAS
JACKSON, formerly known online as
"LAINEYBOT," "LAINEY" and "KAI,"

               Defendants.

CASE NO.: 5:23-CV-91-JA-PRL


## PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANTS YOUTUBE AND GOOGLE'S MOTION TO TRANSFER TO THE NORTHERN DISTRICT OF CALIFORNIA

**TABLE OF CONTENTS**

SUMMARY OF ARGUMENT ............................................................. 1

STATEMENT OF FACTS ................................................................. 2

ARGUMENT ................................................................................. 4

I. YOUTUBE'S TERMS OF SERVICE DID NOT REQUIRE VERIFIABLE
PARENTAL CONSENT FROM MINORS, INCLUDING PLAINTIFF, WHEN
HER CLAIMS AROSE AND ARE UNENFORCEABLE .................................. 6

    1. The YouTube Defendants Failed to Secure a Valid TOS Agreement
    from Plaintiff While She Was a Minor ...................................... 6

    2. Plaintiff Avoided the YouTube TOS Agreement as to Her 18 U.S.C.
    1595 and 2255 Claims and Did Not Ratify the Agreement ..................... 6

II. AMBIGUITIES MUST BE INTERPRETED AGAINST THE DRAFTING
PARTY AND THE FORUM SELECTION CLAUSE IN YOUTUBE'S TERMS
OF SERVICE IS INVALID ................................................................ 8

III. THE INTERESTS OF JUSTICE DISFAVOR TRANSFER OF VENUE ... 9

CONCLUSION ............................................................................. 14

# TABLE OF AUTHORITIES

## Cases

*A.V. v. iParadigms Liab. Co.,* 544 F. Supp. 2d 473 (E.D. Va. 2008), aff'd in part, rev'd in part sub nom. *A.V. ex rel. Vanderhye v. iParadigms, LLC,* 562 F.3d 630 (4th Cir. 2009) ..................................................................... 7

*Allied Specialty Ins. Inc. v. Ohio Water Parks, Inc.,* 699 F.Supp. 878 (M.D. Fla. 1988) ..................................................................................... 10

*American Freehold Land Mortg. Co. v. Dykes* 18 So. 292 (Ala. 1895) ............. 7

*Ardolf v. Weber*, 332 F.R.D. 467 (S.D.N.Y. 2019) ............................................. 2

*Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49 (2013) ............................................................................................ 12, 13

*Cf. Norwood v. Kirkpatrick,* 349 U.S. 29 (1955) ................................................. 4

*Citro Florida, Inc. v. Citrovale, S.A.,* 760 F.2d 1231 (11th Cir.1985). .............. 5

*Fitzhenry v. Guardian Protection Servs., Inc.*, CIVIL ACTION NO. 16-1253, 2016 WL 6652760 (W.D. Pa. Nov. 9, 2016) ...................................... 9

*Griffin v. Coca-Cola Refreshments USA, Inc.,* 989 F.3d 923 (11th Cir. 2021).. 7

*Gulf Oil Corp. v. Gilbert,* 330 U.S. 501 (1947) ............................................. 4, 5

*In re Ricoh Corp.*, 870 F.2d 570 (11th Cir. 1989) ............................................. 4

*J.T. ex rel. Thode v. Monster Mountain, LLC,* 754 F. Supp. 2d 1323 (M.D. Ala. 2010) .................................................................................................... 7

*John's Insulation, Inc. v. Siska Const. Co., Inc.,* 671 F.Supp. 289 (S.D.N.Y. 1987) ...................................................................................................... 8

*Jumara v. State Farm Ins. Co.,* 55 F.3d 873 (3d Cir. 1995) .................. 9, 12, 13

*Kifle v. YouTube LLC,* No. 1:21-CV-00238-JPB, 2021 WL 3924795 (N.D. Ga. Mar. 12, 2021) ................................................................................... 13

*Landcastle Acquisition Corp. v. Renasant Bank*, 57 F.4th 1203 (11th Cir. 2023) .................................................................................................... 7

*Links Design, Inc. v. Lahr,* 731 F. Supp. 1535 (M.D. Fla. 1990) ...................... 8

*Mason v. Smithkline Beecham Clinical Lab'ys,* 146 F. Supp. 2d 1355 (S.D. Fla. 2001) ............................................................................................ 11

*McEvily v. Sunbeam–Oster Co.,* 878 F.Supp. 337 (D.R.I. 1994) ..................... 10

*Norwood v. Kirkpatrick*, 349 U.S. 29 (1955) ..................................................... 5

*Otto Candies, LLC v. Citigroup, Inc.,* 963 F.3d 1331 (11th Cir. 2020) ........... 11

*Piper Aircraft Co. v. Reyno,* 454 U.S. 235 (1981) ............................................. 5

*Robinson v. Giarmarco & Bill, P.C.,* 74 F.3d 253 (11th Cir. 1996) ................ 11

*Robinson v. Giarmarco & Bill, P.C.,* 74 F.3d 253 (11th Cir. 1996) ................ 10

See *Miot v. Kechijian*, 830 F.Supp. 1460 (S.D. Fla. 1993) ............................... 9

*Snow v. Waffle House, Inc.,* No. CV 06-0321-CB-C, 2006 WL 8437952 (S.D. Ala. Dec. 5, 2006) ....................................................................................... 7

*Stewart Org., Inc. v. Ricoh Corp.,* 487 U.S. 22 (1988) ................................. 4, 5

*United States v. Cook*, 782 F.3d 983 (8th Cir. 2015) ....................................... 2

*United States v. Maneri*, 353 F.3d 165 (2d Cir. 2003) .................................... 2

*Van Dusen v. Barrack*, 376 U.S. 612 (1964) .................................................. 5

*Wacko's Too, Inc. v. City of Jacksonville,* 522 F. Supp. 3d 1132 (M.D. Fla. 2021) ............................................................................................................. 14

*Zapata Marine Service v. O/Y Finnlines, Ltd.,* 571 F.2d 208 (5th Cir. 1978) . 8

## **Statutes**

18 U.S.C. § 1595(a) ......................................................................................... 1

28 U.S.C. § 1404(a). ........................................................................................ 1

## **Other Authorities**

15 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure, § 3851 ....................................................................... 16

## SUMMARY OF ARGUMENT

A district court may deny a motion to transfer a case "for the convenience of the parties and witnesses, and in the interest of justice." 28 U.S.C. § 1404(a). Plaintiff, Regina Alonso, filed claims in this district against each of the Defendants for conduct related to child sex trafficking and child pornography which took place from approximately 2012 to 2015 while she was a child. Defendants Google LLC and YouTube LLC (collectively the "YouTube Defendants") seek to transfer this case to the Northern District of California based on Plaintiff's use of YouTube as an adult after the fact, and her creation of a YouTube account on April 20, 2016. (Doc. 32, p. 4). YouTube's Terms of Service ("TOS") Agreement is unenforceable as to Plaintiff's claims which arose while she was a minor. *Id*. So too, the interests of justice very clearly disfavor transfer of this case. Aside from any private interests, the public interest factors weigh against transfer due to efficiency of justice and the Middle District of Florida's local interest in deciding this case involving child sex trafficking and child pornography involving one of its residents at home.

The YouTube Defendants' motion to transfer also repeatedly misstates the legal standard required under 18 U.S.C. § 1595(a) and 1591(1)(a)(2) in reference to their contemporaneously pending motion to dismiss. As Plaintiff's forthcoming response to that motion will argue, the statute only requires a defendant to "benefit, or attempt or conspire to benefit, financially or by

receiving anything of value" from participation in a venture which that person knew or should have known has engaged in an act in violation of [sex trafficking laws]." 18 U.S.C. § 1595(a)(2) and 1591(a). Plaintiff has plausibly alleged facts that meet the benefitting element of her claims. *See United States v. Maneri*, 353 F.3d 165, 168 (2d Cir. 2003); *United States v. Cook*, 782 F.3d 983, 989 (8th Cir. 2015); *Ardolf v. Weber*, 332 F.R.D. 467, 479 (S.D.N.Y. 2019).

## STATEMENT OF FACTS

Plaintiff Regina Alonso filed this lawsuit based on facts and circumstances which occurred online and offline in the state of Florida from approximately 2012 to 2015. Around 2012, James Jackson ("Onision") and his spouse Lucas Jackson ("Lainey") (collectively the "Jackson Defendants") used the YouTube Partnership Program to groom and lure underage girls through the Onision YouTube channels and online forums (*Id*. ¶¶129-142). The audience for Onision's channels and forums extended through the United States and in this District. (*Id*. ¶¶150-153). Plaintiff turned 15-years-old approximately one month after meeting Lainey in 2012. (*Id*. ¶154). For the next two years, Lainey, acting on behalf of herself and Onision, continued to groom Plaintiff online. (*Id*. ¶¶155-181).

In 2015, the Jackson Defendants lured and enticed Plaintiff to travel across interstate lines from her home state of Florida while she was a minor for the purpose of grooming and manipulation. (*Id*. ¶¶184-185). Thankfully,

Plaintiff's mother intervened and prevented her from travelling. (*Id.* ¶186). Lainey continued to send sexually graphic and flirtatious commentary to Plaintiff and another minor until their pursuit of Plaintiff ended. (*Id.* ¶¶197-207).

On May 15, 2023, the YouTube Defendants filed a Motion to Transfer Plaintiff's case to the Northern District of California pursuant to 28 U.S.C. § 1404(a) and the forum selection clause in the YouTube Terms of Service ("TOS") Agreement. (Doc. 39). The YouTube Defendants cite Plaintiff's later creation of a YouTube account on April 20, 2016 as the basis for this motion. The YouTube Defendants' motions should be promptly denied because it calls for retroactive application of the contract.

The YouTube Defendants concede that Plaintiff eventually entered into a user services agreement with YouTube regarding its TOS sometime after the conduct from which Plaintiffs claims arose took place. (Doc. 32, p. 4). Defendants incorrectly argue that because "[p]laintiff created a YouTube channel on April 20, 2016" that she agreed to waive her rights to bring this action related to child sex trafficking in her home state. *Id.* This argument fails because the April 20, 2016 TOS applies only to claims or conduct related to Plaintiff's use of YouTube on or after that date—not before that date. Plaintiff never waived her rights to bring this lawsuit in the forum of her choice, despite the fact that she continued to use YouTube products as an adult.

The Jackson Defendants filed a motion in opposition to the YouTube Defendant's motion to transfer on May 30, 2023, and requested transfer to the Western District of Washington. (Doc. 45). Plaintiff's case should not be transferred out of this District.

## ARGUMENT

Plaintiff filed this case in her home district. "[F]ederal courts traditionally have accorded a plaintiff's choice of forum considerable deference." *In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989) citing *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508 (1947). The burden is on the movant to establish that the suggested forum is more convenient, and the movant's burden is only slightly altered where "the parties have entered into a contract containing a *valid, reasonable* choice of forum provision[.]" *Ricoh Corp.,* 870 F.2d at 573. Even where a valid forum-selection clause exists, "which represents the parties' agreement as to the most proper forum, [it] should receive neither dispositive consideration (as respondent might have it) nor no consideration[.]" *Stewart Org., Inc. v. Ricoh Corp.,* 487 U.S. 22, 31 (1988). Instead, the consideration of a forum-selection clause is limited by 28 U.S.C. § 1404(a), which "accords broad discretion to district court." *Cf. Norwood v. Kirkpatrick,* 349 U.S. 29, 32, (1955); § 3847 Standard in Considering Transfer—In General, 15 Fed. Prac. & Proc. Juris. § 3847 (4th ed.). Thus, motions to transfer should be denied where the interests of justice serve as an

anchoring "counterweight of a forum-selection clause." See 15 C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 3847, p. 371 (2d ed. 1986).

A trial court's decision on *forum non conveniens* receives substantial deference "where the court has considered all relevant [] interest factors, and where its balancing of these factors is reasonable[.]" *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 257 (1981) citing *Gulf Oil Corp. v. Gilbert,* 330 U.S. at 511–512. "Courts have broad discretion to transfer an action pursuant to Section 1404 to avoid unnecessary delay and to protect parties, witnesses, and the public from undue expenses and inconvenience. See generally *Van Dusen v. Barrack*, 376 U.S. 612 (1964); *Norwood,* 349 U.S. The Supreme Court instructs that "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Ricoh Corp.*, 487 U.S. at 29 (*quoting Van Dusen*, 376 U.S. at 622). Forum selection clauses should not be upheld where "enforcement would be unreasonable or unjust or that the clause is invalid for reasons such as fraud or overreaching." *Citro Florida, Inc. v. Citrovale, S.A.,* 760 F.2d 1231 (11th Cir. 1985).

# I. YOUTUBE'S TERMS OF SERVICE DID NOT REQUIRE VERIFIABLE PARENTAL CONSENT FROM MINORS, INCLUDING PLAINTIFF, WHEN HER CLAIMS AROSE AND ARE UNENFORCEABLE

## 1. The YouTube Defendants Failed to Secure a Valid TOS Agreement from Plaintiff While She Was a Minor

Notably, the YouTube Defendants' motion fails to acknowledge that Plaintiff's claims arose while she was a minor, starting from 2012 and ending in approximately 2015. The Defendants also fail to recognize that the conduct related to those claims ended before Plaintiff's April 20, 2016. (Doc. 39). See ¶ 5 of Mr. Small's Declaration (Doc. 39-1). YouTube Terms of Service Agreement ("TOS"), which took place after Plaintiff was 18-years-old and related to her use of YouTube as an adult. *Id.*

## 2. Plaintiff Avoided the YouTube TOS Agreement as to Her 18 U.S.C. 1595 and 2255 Claims and Did Not Ratify the Agreement

Voidable contracts include situations where an invalidating cause, like duress, mental illness, or minor status, render a facially valid contract "voidable." Restatement (Second) of Contracts, supra, § 7 cmt. b; 1 Williston on Contracts, supra, § 1:20; see, e.g., O.C.G.A. §§ 13-3-20 (minor status), 13-3-24(a) (mental illness or incompetency), 13-5-6 (duress).

The Eleventh Circuit has distinguished "void" from "voidable" contracts: "A contract is void *ab initio* if it seriously offends law or public policy, in contrast to a contract that is merely voidable at the election of one party to the

contract." *Griffin v. Coca-Cola Refreshments USA, Inc.,* 989 F.3d 923, 934 n.6 (11th Cir. 2021) (citing Black's definitions of void and voidable). A contract made with a minor is voidable by the minor, at the election of the minor. *J.T. ex rel. Thode v. Monster Mountain, LLC,* 754 F. Supp. 2d 1323, 1327 (M.D. Ala. 2010). Similarly, a contract with a minor is "voidable by the infant upon attaining the age of majority." *A.V. v. iParadigms Liab. Co.,* 544 F. Supp. 2d 473, 481 (E.D. Va. 2008), aff'd in part, rev'd in part sub nom. *A.V. ex rel. Vanderhye v. iParadigms, LLC,* 562 F.3d 630 (4th Cir. 2009). As such, a minor in a voidable contract, "has the power to either ratify and be bound by it or disaffirm and avoid it" after reaching the age of majority. *Landcastle Acquisition Corp. v. Renasant Bank*, 57 F.4th 1203, 1233 (11th Cir. 2023). Here, Plaintiff never ratified the YouTube TOS Agreement or any forum selection clause therein.

The YouTube Defendants also fail to present evidence that Plaintiff ratified the YouTube TOS Agreement, nor its forum selection clause, as to her claims. Ratification requires "acts [that] evidence a clear and distinct intention to affirm the validity of the contract." *Snow v. Waffle House, Inc.,* No. CV 06-0321-CB-C, 2006 WL 8437952, at *3 (S.D. Ala. Dec. 5, 2006) quoting *American Freehold Land Mortg. Co. v. Dykes* 18 So. 292, 295 (Ala. 1895). Here, no such distinct intention occurred. Furthermore, Plaintiff's use of YouTube as an adult was largely unrelated to Plaintiff's child sex trafficking claims. Plaintiff's

creation of a YouTube account months after the conduct which gave rise to her claims against the YouTube Defendants took place ended does not by any stretch constitute ratification. In other words, Plaintiff did not waive her right to file her sex trafficking and child pornography claims in her choice of forum by subsequently creating a YouTube account as an adult.

## II.   AMBIGUITIES MUST BE INTERPRETED AGAINST THE DRAFTING PARTY AND THE FORUM SELECTION CLAUSE IN YOUTUBE'S TERMS OF SERVICE IS INVALID

A forum selection clause "must be clear and unequivocal" to constitute a waiver of a party's right to select the forum of their choosing. *John's Insulation, Inc. v. Siska Const. Co., Inc.,* 671 F.Supp. 289 (S.D.N.Y. 1987). If the clause is ambiguous, "subject to opposing, yet reasonable interpretation," the clause will be construed against the party who drafted it. *Zapata Marine Service v. O/Y Finnlines, Ltd.,* 571 F.2d 208, 209 (5th Cir. 1978).

YouTube's forum selection clause, contracted in the April 20, 2016 TOS Agreement, does not clearly and unequivocally include claims for past conduct. Nor does it clearly and unequivocally include claims for conduct which took place during the user's minority. Such ambiguities "must be interpreted against the drafting party[.]" *Links Design, Inc. v. Lahr,* 731 F. Supp. 1535, 1536 (M.D. Fla. 1990). Therefore, plaintiff's right to bring her claims in her choice of forum remained unimpacted by YouTube's April 20, 2016 TOS Agreement.

## III. THE INTERESTS OF JUSTICE DISFAVOR TRANSFER OF VENUE

Section 1404(a) first governs transfer when "both the original and the requested venue are proper." *Jumara v. State Farm Ins. Co.,* 55 F.3d 873, 878 (3d Cir. 1995). Venue is proper in the district where Plaintiff resides and where the injury takes place because a "substantial part of the events or omissions giving rise to the claim" occurs in the district. *Fitzhenry v. Guardian Protection Servs., Inc.,* CIVIL ACTION NO. 16-1253, 2016 WL 6652760, at *1 (W.D. Pa. Nov. 9, 2016) (finding venue proper where Plaintiff resided and received an allegedly unlawful phone call). Plaintiff resides in this district and the conduct and injuries related to her claims arose here. (*Id.* ¶¶150-159). Venue is proper in the Middle District of Florida.

This court should deny the YouTube Defendants' motion to transfer this case "for the convenience of the parties and witnesses, and in the interest of justice." 28 U.S.C. § 1404(a) (1993). "The question of whether to transfer venue is a two-pronged inquiry. ***First***, the alternative venue must be one in which the action could originally have been brought by the plaintiff. ***Second***, courts must balance private and public factors to determine if transfer is justified." See *Miot v. Kechijian*, 830 F.Supp. 1460, 1465–66 (S.D. Fla. 1993).

The YouTube Defendants argue that because Plaintiff signed a TOS Agreement on April 20, 2016, she waived her right to select a forum of her choosing and therefore her private interest factors cannot be considered by this

Court in determining whether to grant the YouTube Defendants' motion to transfer the case. (Doc. 39 p. 13). Plaintiff fully briefed the private interest factors weighing against transfer of this case out of the Middle District of Florida in her response to the Jackson Defendant's Motion to Dismiss (Doc. 37). Even if the YouTube Defendants' are correct and the forum selection clause of the April 20, 2016 TOS applies, the case need not be transferred. Several public interest factors weigh heavily against transfer of venue in this case, regardless of Plaintiff's private interests. This Court can therefore find that transfer is improper based only on the countervailing public interest factors, even if it fails to consider Plaintiff's private interests.

YouTube Defendants' motion fails to recognize that in moving for transfer, they have a heightened burden since they must prove with particularity the inconvenience caused by Plaintiff's choice of forum. *See McEvily v. Sunbeam–Oster Co.,* 878 F.Supp. 337, 345 (D.R.I. 1994). Transfer can only be granted where the balance of convenience of the parties strongly favors the moving party. See *Robinson v. Giarmarco & Bill, P.C.,* 74 F.3d 253, 260 (11th Cir. 1996); *Allied Specialty Ins. Inc. v. Ohio Water Parks, Inc.,* 699 F.Supp. 878, 882 (M.D. Fla. 1988) ("the Court must give considerable weight to plaintiff's choice of forum")."[W]hile Defendants have provided several reasons why this litigation would be more properly conducted in California, they have not carried their burden of showing that the preference for Plaintiffs'

choice of forum is 'clearly outweighed' by other considerations." *Mason v. Smithkline Beecham Clinical Lab'ys,* 146 F. Supp. 2d 1355, 1364 (S.D. Fla. 2001). Here, the YouTube Defendants failed to properly show or allege any facts as to why litigation in the Middle District of Florida is either burdensome or inconvenient to the Defendants. For that failure alone, this court should deny the Defendant's request to "merely shift inconvenience from the defendants to the plaintiff." *Robinson v. Giarmarco & Bill, P.C.,* 74 F.3d 253, 260 (11th Cir. 1996).

Nevertheless, a "district court may in its discretion permit limited discovery, hold an evidentiary hearing, or accept additional evidence and supplemental briefing from the parties on the private and public interest factors." *Otto Candies, LLC v. Citigroup, Inc.,* 963 F.3d 1331, 1354 (11th Cir. 2020).  The public and private considerations relevant to whether venue is proper include the (a) plaintiff's choice of forum; (b) convenience on defendants; (c) convenience and availability of witnesses; and (d) location and availability of evidence. *Mason v. Smithkline Beecham Clinical Lab'ys,* 146 F. Supp. 2d 1355, 1363 (S.D. Fla. 2001). As to factors (a) and (b), Plaintiff chose this district, and the very well-resourced YouTube Defendants are not inconvenienced by litigating the case in the district. As to factors (c) and (d), the YouTube Defendants' witnesses are also able to travel to this district and to produce evidence to this district. Relating to factor (c), while it is clear that "the

convenience of non-party witnesses to appear at trial is an important factor in determining whether a transfer should be granted," this factor weighs against transfer in this case. 15 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure, § 3851. In this regard, the vast majority of Plaintiff's family members, friends, medical providers, and other non-party entities with relevant information to Plaintiff's claims and injuries reside within the Middle District of Florida.

The Third Circuit found that "the convenience of the parties as indicated by their relative physical and financial condition" was part of the private interest analysis when determining whether to transfer venue. *Jumara v. State Farm Ins. Co.,* 55 F.3d 873, 879 (3d Cir. 1995). Similarly, a court recently granted a motion and found transfer to the Middle District of Florida appropriate after weighing the same public and private interests. *Simpson v. J.G. Wentworth Co.,* No. CV 22-2911-KSM, 2023 WL 349251, at *8 (E.D. Pa. Jan. 19, 2023). Applying this analysis, it is clear that the relative financial conditions between Plaintiff and the YouTube Defendants weigh against transfer.

Multiple public interest factors weigh against transfer of this case outside of the Middle District of Florida even if the court determines the TOS Agreement is valid and "bears controlling weight." *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 63 (2013). In *Jumara,* the Third

Circuit found that the public interests relevant to whether transfer of venue is proper include: "practical considerations that could make the trial easy, expeditious, or inexpensive." *Jumara v. State Farm Ins. Co.,* 55 F.3d 873, 879–80 (3d Cir. 1995) (citations omitted). Here, at least three practical considerations make trial more expeditious in the Middle District of Florida. **First**, the case is already pending in this district. **Second**, each of the defendant parties have secured local counsel. **Third**, a scheduling order has been set in this case. In this same regard, Plaintiff and relevant known witnesses reside in the district.

Other practical factors of public interest "include: 'the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law.'" *Kifle v. YouTube LLC,* No. 1:21-CV-00238-JPB, 2021 WL 3924795, at *2 (N.D. Ga. Mar. 12, 2021) quoting *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 63 (2013). With respect to the relative court congestion comparing the two fora of the Middle District of Florida and the Northern District of California, this case is likely to proceed to trial more expeditiously if transfer is denied because the Northern District of California is one of the most congested courts

in the country.[1] Since this is a case of federal question, issues relating to diversity and choice of law are inapplicable. Another important factor of public interest for consideration in this case is that the Plaintiff is a victim of child sex trafficking and child pornography. Transferring the case from her home district will mean that she and other similarly situated victims like her ultimately bear the cost and burden of travel to an unknown and unfamiliar location for trial for the convenience of the corporate entities like the YouTube Defendants. The Middle District of Florida has great interest in combatting human trafficking of its residents and in hearing its residents' claims for redress at home. See *Wacko's Too, Inc. v. City of Jacksonville,* 522 F. Supp. 3d 1132, 1150 (M.D. Fla. 2021).  The public interests and the interests of justice clearly disfavor transfer of this case.

## CONCLUSION

For all the above reasons, the YouTube Defendants' motion to transfer venue is unwarranted and improper and should be denied. Plaintiff hereby requests this Honorable Court to deny the YouTube Defendants' Motion to Transfer Venue to the Northern District of California and grant such other relief as is just and appropriate.

---

[1] See *United States District Courts — National Judicial Caseload Profile, (*2017-2022) available at https://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile1231.2022.pdf.

DATED: May 30, 2023

Respectfully Submitted,

*/s/ Lisa D. Haba*
Lisa D. Haba
**THE HABA LAW FIRM, P.A.**
1220 Commerce Park Dr.
Suite 207
Longwood, FL 32779
Telephone: (844) 422-2529
lisahaba@habalaw.com

*/s/ Jennifer Freeman*
Jennifer Freeman
Margaret E. Mabie
**MARSH LAW FIRM PLLC**
31 Hudson Yards, 11th Floor
New York, New York 10001
Telephone: (212) 372-3030
jenniferfreeman@marsh.law
margaretmabie@marsh.law

*Attorneys for Plaintiff*