# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# Ocala Division

REGINA ALONSO,

    Plaintiff,

v.

GOOGLE LLC, YOUTUBE LLC;
JAMES JACKSON, also known online as
"ONISION," and LUCAS JACKSON,
Formerly known online as
"LAINEYBOT," "LAINEY" and "KAI,"

    Defendants.

Case No.: 5:23-cv-00091-JA-PRL

# GOOGLE AND YOUTUBE'S REPLY
# IN FURTHER SUPPORT OF THEIR MOTION TO TRANSFER

## TABLE OF CONTENTS

ARGUMENT ................................................................................................................ .2

I.  *Atlantic Marine* Governs Here and Requires Transfer ..................................... 2

II. The Forum-Selection Clause Encompasses Plaintiff's Claims, Including Events Occurring Before Plaintiff Agreed to the TOS........................................ 4

III. Plaintiff Agreed to the TOS as an Adult............................................................. 6

CONCLUSION ...........................................................................................................7

i

With leave of Court (ECF No. 49), Defendants Google LLC and YouTube, LLC (collectively, "YouTube") submit this reply in further support of their motion to transfer this case to the Northern District of California. *See* Mot. (ECF No. 39). YouTube's Motion to Transfer showed that Plaintiff's claims against YouTube fall within the forum-selection clause in YouTube's Terms of Service ("TOS"), that the clause is mandatory and enforceable, and that Plaintiff cannot meet the heavy burden laid out by the United States Supreme Court in *Atlantic Marine* to overcome the terms of the parties' agreement. *See Atl. Marine Constr. Co. v. United States Dist. Ct. for the W. Dist. of Tex.*, 571 U.S. 49, 63 (2013).

Plaintiff's opposition brief (ECF No. 46) is most notable for what it does not say. Plaintiff does not dispute that the forum selection clause is enforceable and has repeatedly been applied to transfer similar cases. Mot. at 10-12 & n.2. Nor does she dispute that her allegations fall within the broad language of the clause—because they arise from her and the Jackson Defendants' use of YouTube and the choices YouTube allegedly made in policing its service. *Id*. at 8-10. It is also undisputed that Plaintiff agreed to the TOS *as an adult* in 2016 and again in 2019 when she expressly reaffirmed her agreement. Mot. at 4-5; Small Decl. ¶¶ 7-9.

Seeking nevertheless to avoid transfer, Plaintiff instead makes three arguments, all of which fail. *First*, ignoring binding law, Plaintiff argues that her choice of venue should be given greater weight than the forum-selection clause she agreed to. Opp. at 4-5, 9-14. Under *Atlantic Marine*, those considerations are

1

irrelevant, and the public-interest factors that may be considered do not preclude a transfer. *Second*, Plaintiff argues that the forum-selection clause does not cover claims arising from events that occurred before she agreed to the contract. *Id.* at 3, 6. That argument is contrary to the broad language of the agreement and all relevant authority. *Third*, Plaintiff argues that "[a] contract made with a minor is voidable." *Id.* at 6-8. But that principle is irrelevant here: though Plaintiff used YouTube's service as a minor, she does not claim that she accepted the TOS at that time or ever tried to void the agreement; by contrast, it is undisputed that Plaintiff *twice* affirmatively accepted the TOS *as an adult*. Nothing more is required to make the forum-selection clause enforceable in this case.

## ARGUMENT

### I. *Atlantic Marine* Governs Here and Requires Transfer

The Supreme Court's decision in *Atlantic Marine* requires that "a valid forum-selection clause [be] given controlling weight in all but the most exceptional cases." 571 U.S. at 62-63. Thus, "a court evaluating a motion to transfer pursuant to a forum-selection clause" must "afford no weight to either the plaintiff's selected forum or the parties' private interests." *Hisey v. Qualtek USA, LLC*, 753 F. App'x 698, 703 (11th Cir. 2018). Ignoring this binding authority, Plaintiff relies on pre-*Atlantic Marine* case law to assert that the party invoking the forum-selection clause has "a heightened burden," and that "[t]ransfer can only be granted where the balance of convenience of the parties

strongly favors the moving party." Opp. at 10. But that is not the law, as courts in this Circuit have repeatedly made clear. *See* Mot. at 6-8 (citing cases).

Applying the actual governing framework, it is Plaintiff who carries the "burden of showing that public-interest factors overwhelmingly disfavor a transfer." *Atl. Marine*, 571 U.S. at 66. She cannot do so. Plaintiff's limited public-interest arguments boil down to this: the Northern District of California is busier than this District; choice of law does not matter because this case arises under federal law; and this District has an interest in hearing the claims of local victims. Opp. at 13-14.[1] These arguments are makeweight. The Northern District of California is well-run, and Plaintiff's own statistics suggest that its dockets are only moderately more crowded than the ones in this District.[2] In any event, "court congestion" is a "factor [that] generally does not warrant significant consideration" in the *Atlantic Marine* analysis. *Oribe Hair Care, LLC v. Canales*, 2017 U.S. Dist. LEXIS 73812, at *12 (S.D. Fla. May 15, 2017) (citation omitted). The fact that this case involves federal law does nothing to disfavor transfer, as its resolution will not require any adjudication of Florida law. And this case does not "present such a local controversy that it would be unreasonable to try the case" in

---

[1] Plaintiff also adds arguments related to "practical considerations," namely that "the case is already pending in this district," "the defendant parties have secured local counsel," and "a schedule order has been set[.]" Opp. at 13. These are not public-interest factors recognized in *Atlantic Marine*, 571 U.S. at 62 n.6.

[2] *See United States District Courts — National Judicial Caseload Profile*, (2017-2022), https://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile1231.2022.pdf at 66, 91 (cited in Opp. at 14 n.1).

3

California—the parties' pre-selected forum. *Covenant Servs. v. Jones-Blair Co.*, 2015 U.S. Dist. LEXIS 191614, at *10 (S.D. Fla. Jan. 5, 2015) (transferring case pursuant to a forum-selection clause despite alleged harm in Florida). In short, this case does not involve the "rare[]" circumstances where the public-interest factors can "defeat a transfer motion[.]" *Atl. Marine*, 571 U.S. at 51.

## II. The Forum-Selection Clause Encompasses Plaintiff's Claims, Including Events Occurring Before Plaintiff Agreed to the TOS

Plaintiff does not dispute that her claims in this case relate, at least in part, to YouTube's decisions about how to enforce its TOS and the ways in which she and the Jackson Defendants used YouTube. As YouTube explained, such claims plainly fall within the broad sweep of the forum-selection clause. Mot. at 3, 8-10. Plaintiff's only response is to argue that because most of the events she alleges took place from "approximately 2012 to 2015," her agreement to the TOS in 2016 somehow does not govern her claims. Opp. at 1, 3, 8. This argument is doubly wrong.

For one, Plaintiffs' claims in fact rely on alleged acts and omissions by YouTube at least as recent as 2021. Compl. ¶¶ 210-16. More importantly, Plaintiff notably avoids any discussion of the language of the forum-selection clause, which by its terms applies to "***all claims*** arising out of or relating to these terms or the Service." Mot. at 3 (quoting Decl. ¶ 4 & Ex. A at 15) (emphasis added). Nothing in that clause limits its application to claims based on future events or somehow excludes claims related to alleged sex trafficking of minors. There is no

4

ambiguity in this broad language. It means what it says: "all claims"—no matter when they accrued—that a party seeks to bring relating to the YouTube service must be adjudicated in California. Mot. at 11 & n.2 (collecting cases); c*f*. *Brown v. ITT Consumer Fin. Corp.*, 211 F.3d 1217, 1221 (11th Cir. 2000) ("A party cannot avoid arbitration, however, because the arbitration clause uses general, inclusive language, rather than listing every possible specific claim."). Indeed, applying the forum-selection clause to this case does not involve a retroactive application. The purpose of the clause is to govern where legal disputes "will be litigated" (Mot. at 3 (quoting Decl. ¶ 4 & Ex. A at 15))—and here, Plaintiff filed her lawsuit against YouTube well *after* she accepted the TOS.

Unsurprisingly, therefore, courts have repeatedly rejected Plaintiff's argument that a broadly worded dispute-resolution clause does not apply to claims based on events occurring before the clause was accepted. The Second Circuit did so in a case interpreting a similar Google forum-selection clause, finding that "[t]he district court . . . did not impermissibly give 'retroactive' effect" to the provision because it "broadly includes any claim arising under or related to the 'Google Programs,' irrespective of whether it arose prior to or subsequent to the acceptance of the . . . agreement." *TradeComet.com LLC v. Google, Inc.*, 435 F. App'x 31, 35 (2d Cir. 2011) (observing that it was "guided . . . by analogous cases discussing the retroactive application of arbitration clauses"). Where such a clause "contains no temporal limitation," it "covers claims or disputes that

5

accrued before Plaintiff signed the Agreement." *Perera v. H & R Block E. Enters., Inc.*, 914 F. Supp. 2d 1284, 1289 (S.D. Fla. 2012); *see also, e.g.*, *Muniz v. Sharp Deal Auto Repair, Inc.*, 2014 U.S. Dist. LEXIS 199097, at *6 (S.D. Fla. July 7, 2014) (same, and further holding that the clause need not "specifically state that it retroactively encompasses" past events); *Trujillo v. Gomez*, 2015 U.S. Dist. LEXIS 51068, at *22 (S.D. Cal. Apr. 17, 2015) ("Courts have rejected arguments that similarly-worded arbitration clauses do not encompass claims because the claims are based on events pre-dating the agreements containing the arbitration clauses."); *Levin v. Alms & Assocs., Inc.,* 634 F.3d 260, 267–68 (4th Cir. 2011) ("[C]ourts have generally applied broad 'any dispute' language retroactively, especially when combined with language that refers to all dealings between the parties."); *Ekin v. Amazon Servs., LLC*, 84 F. Supp. 3d 1172, 1178 (W.D. Wash. 2014) (rejecting argument that arbitration provision covering "any dispute or claim" only applied "prospective[ly]"). Plaintiff tellingly cites no contrary authority.

## III.   Plaintiff Agreed to the TOS as an Adult

Finally, Plaintiff asserts that "a contract with a minor is voidable by the minor" and that she never "ratified" the TOS "as to her claims." Opp. at 7. Plaintiff does not elaborate on this argument, but it is beside the point here. Even if Plaintiff had first accepted the TOS when she was a minor (and she offers no evidence of that), it is undisputed that Plaintiff expressly agreed to the TOS at

6

least twice *while she was an adult*: first in 2016, and again in 2019. Mot. at 4-5; Opp. at 3, 7-10 (conceding agreement on April 20, 2016). Accordingly, YouTube's motion does not rely on any possible ratification of a potential earlier version of the TOS that Plaintiff might have accepted when she was a minor. YouTube instead relies on undisputed evidence that, as an adult, Plaintiff independently agreed to the forum-selection clause (twice). Mot. at 4-5; Small Decl. ¶¶ 7-9. Competent adults are bound when they enter into valid "'clickwrap agreement[s],'" by which they "accept[] [a] website's terms and conditions," and Plaintiff cites no authority suggesting otherwise. *Segal v. Amazon. com, Inc.*, 763 F. Supp. 2d 1367, 1369 (S.D. Fla. 2011); *accord* Mot. 10-12 & n.2 (citing cases). The fact that Plaintiffs was once a minor is simply irrelevant to the application of the forum-selection agreement in this case.

## CONCLUSION

Because Plaintiff agreed to a binding forum selection clause that applies to her claims, YouTube's motion to transfer should be granted.

Dated: June 9, 2023	ZUCKERMAN SPAEDER LLP

By: /s/*Nathan M. Berman*
NATHAN M. BERMAN
FBN: 0329230
nberman@zuckerman.com
101 E. Kennedy Blvd., Suite 1200
Tampa, Florida 33602
Telephone: (813) 221-1010
Facsimile: (813) 223-7961

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

BRIAN M. WILLEN (*pro hac vice*)
bwillen@wsgr.com
BENJAMIN MARGO (*pro hac vice*)
bmargo@wsgr.com
1301 Avenue of the Americas, 40th Floor
New York, NY 10019-6022
Telephone: (212) 999-5800

AMIT Q. GRESSEL (*pro hac vice*)
agressel@wsgr.com
One Market Street
Spear Tower, Suite 3300
San Francisco, CA 94105
Telephone: (415) 947-2000

Attorneys for Defendants
GOOGLE LLC and YOUTUBE, LLC

8

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 9, 2023, I electronically filed the foregoing with the Clerk of Court by using the Court's CM/ECF system thereby serving all registered users in this case.

*/s/ Nathan M. Berman*
Nathan M. Berman
