UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Ocala Division

| | |
|---|---|
| REGINA ALONSO,<br><br>                        Plaintiff,<br><br>v.<br><br>GOOGLE LLC, YOUTUBE LLC;<br>JAMES JACKSON, also known online as<br>"ONISION," and LUCAS JACKSON,<br>Formerly known online as<br>"LAINEYBOT," "LAINEY" and "KAI,"<br><br>                        Defendants. | Case No.: 5:23-cv-00091-JA-PRL |

**PLAINTIFF'S SUPPLEMENTAL AUTHORITY BRIEF REGARDING
THE SEVENTH CIRCUIT'S DECISION IN G.G. V. SALESFORCE**

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................ 1

I.   YOUTUBE PARTICIPATED IN ONISION'S VENTURE ........................................ 1

II.  YOUTUBE'S KNOWLEDGE SCIENTER OF PLAINTIFF'S HARM...................... 3

CONCLUSION .............................................**ERROR! BOOKMARK NOT DEFINED.**

# TABLE OF AUTHORITES

**CASES**

*Doe #1 v. MG Freesites, LTD*, 2022 WL 407147 (N.D. Ala. Feb. 9, 2022) ........................ 4

*Doe #1 v. Red Roof Inns, Inc.*, 21 F.4th 714 (11th Cir. 2021) ................................. passim

*Does 1-6 v. Reddit, et. al.*, 51 F.4th 1137 (9th Cir. 2022) ...................................... 1

*G.G. v. Salesforce.com, Inc.*, 603 F. Supp. 3d 626 (N.D. Ill. 2022) ..................... 2

*G.G. v. Salesforce.com, Inc.*, 76 F.4th 544 (7th Cir. 2023) ......................... passim

*J. B. v. G6 Hosp., LLC*, No. 19-CV-07848-HSG, 2020 WL 4901196
  (N.D. Cal. Aug. 20, 2020) ................................................................. 2

*M.A. v. Wyndham Hotels & Resorts, Inc.*, 425 F. Supp. 3d 959 (S.D. Ohio 2019) ............. 2

*Peyton v. Rowe*, 391 U.S. 54 (1968) ...................................................................... 1

*Ricchio v. McLean*, 853 F.3d 553 (1st Cir. 2017) .................................................. 2

*United States v. Daniels*, 685 F.3d 1237 (11th Cir. 2012) ...................................... 5

*United States v. Whyte*, 928 F.3d 1317 (11th Cir. 2019) ........................................ 5

*United States v. Williams*, 564 F. App'x 568 (11th Cir. 2014) ............................... 5

**STATUTES**

18 U.S.C. § 1595 ........................................................................................... 1, 3, 4

**RULES**

Fed. R. Civ. P. 9(b) ............................................................................................ 3

# INTRODUCTION

On August 3, 2023, the Seventh Circuit in *G.G. v. Salesforce.com, Inc.*, 76 F.4th 544 (7th Cir. 2023), liberally construed the knowledge requirements in the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. § 1595, irrespective of Section 230 of the Communications Decency Act ("CDA 230") immunity.[1] While Google LLC and YouTube LLC (collectively "YouTube") rely on the decision in *Does 1-6 v. Reddit, et. al.*, 51 F.4th 1137 (9th Cir. 2022), they ignore that it only applies to the FOSTA exemption to CDA 230—not the TVPRA. In this case, Plaintiff's allegations concern the TVPRA. While this Circuit's decision in *Doe #1 v. Red Roof Inns, Inc.*, 21 F.4th 714 (11th Cir. 2021) is controlling, the *Salesforce* decision is instructive in analyzing two parts of § 1595 not addressed in *Red Roof*: (1) participation in a venture; and, (2) scienter—particularly when the plaintiffs are minors.

## I.   YOUTUBE PARTICIPATED IN ONISION'S VENTURE

The Seventh Circuit agrees with the Eleventh Circuit that the § 1591 definition of "participation in a venture" only exists in § 1591 and "should not be import[ed] into § 1595." *Salesforce*, 76 F.4th at 558 (citing *Red Roof*, 21 F.4th at 724). The *Salesforce* court held that courts should "'liberally' construe 'participation' so that the civil remedy does not demand more of the plaintiff than a criminal prosecution demands of the government." *Id*. at 558–59 (citing *Peyton v. Rowe*, 391 U.S. 54, 65 (1968)). In the civil

---

[1] The Court in *Salesforce* also held that CDA 230 "does not create an immunity of any kind" and instead "functions as an affirmative defense." *Salesforce,* 76 F.4th at 566. Plaintiff agrees and endorses the argument that CDA 230 is an affirmative defense and not an immunity.

1

context, the Eleventh Circuit defines "participation in a venture" to mean that the defendants "took part in a common undertaking or enterprise involving risk and potential profit." *Red Roof*, 21 F.4th at 725.

The district court in *Salesforce* acknowledged the Eleventh Circuit's definition by stating that "even if we applied the *Red Roof* definition of 'participation in a venture' to the allegations here, plaintiffs would have plausibly alleged that element because they alleged that defendant Salesforce 'took part in the expansion and success of Backpage—a common undertaking or enterprise involving risk and potential profit'." *Salesforce*, 76 F.4th at 562 (citing *Red Roof*, 21 F.4th at 725). The district court in *Salesforce* then found that actual participation was not required in a beneficiary liability claim and where there was "no alleged 'direct association' between the beneficiary and the trafficker, courts have 'required 'a showing of a continuous business relationship between the trafficker and the [defendant] such that it would appear that the trafficker and the [defendant] have established a pattern of conduct or could be said to have a tacit agreement'' as to the venture which the defendant knew, or should have known, involved sex trafficking." *G.G. v. Salesforce.com, Inc.*, 603 F. Supp. 3d 626, 644–45 (N.D. Ill. 2022) (citing *J.B.*, 2020 WL 4901196 at *9) (quoting *M.A.*, 425 F. Supp. at 970).

The Seventh Circuit adopted the lower court's finding and held that in relation to "participation in a venture," a defendant's "culpable assistance" can be established through a showing of "a continuous business relationship" or a "tacit agreement." *Salesforce*, 76 F.4th at 559 (quoting *J.B.*, 2020 WL 4901196, at *9; citing *M.A.*, 425 F. Supp. 3d at 970–71; citing *Ricchio v. McLean*, 853 F.3d 553, 555 (1st Cir. 2017)). "To

2

survive a motion to dismiss, all that is necessary is for a plaintiff to allege such a 'continuous business relationship,' which gives rise to an inference, drawn in the plaintiff's favor, that the civil defendant facilitated the venture's success." *Id*. at 560. In this case, Plaintiff has adequately alleged a continuous business relationship between the Defendants and is entitled to a reasonable inference that YouTube facilitated a common undertaking or enterprise involving risk and reward.

## II. YOUTUBE'S KNOWLEDGE SCIENTER OF PLAINTIFF'S HARM

The Seventh Circuit's *Salesforce* decision also aligned with *Red Roof* when it held that "[a]s the Eleventh Circuit has observed, if we incorporate § 1591's 'knowingly' scienter into § 1595, we render 'superfluous' §1595's 'should have known language.'" *Salesforce*, 76 F.4th at 558 (citing *Red Roof*, 21 F.4th at 724). *Salesforce* expanded on *Red Roof* by finding that the plaintiff in that case was entitled to reasonable inferences regarding Salesforce's relationship with Backpage (including whether Salesforce "knew or should have known" that Backpage's business was sex trafficking). *Id*. at 555. The decision applies Fed. R. Civ. P. 9(b) as not requiring a plaintiff to plead with specificity in order to survive a motion to dismiss. In this case, Plaintiff is likewise entitled to a reasonable inference that YouTube knew or should have known about the Jackson Defendant's actions—including actions as to Plaintiff—based on their ongoing contractual and profit-sharing relationship. (Dkt. No. 1 ¶¶27–28, 109–110).

A "§ 1595 civil claim premised on § 1591" need only allege that the defendant "have either actual or constructive knowledge that the venture—in which it voluntarily participated and from which it knowingly benefited—violated the TVPRA as to the

3

plaintiff." *Red Roof*, 21 F.4th at 725. The Seventh Circuit expanded on this and held that it was "not persuaded that 'a venture' and 'an act' mean 'the victim.'" Section <u>1595</u> states that:

> …whoever knowingly benefits, or attempts or conspires to benefit, financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in <u>an act</u> in violation of this chapter… 18 U.S.C. §1595(a) (emphasis added).

The Seventh Circuit explained that "'a venture' need not be primarily a sex-trafficking venture, so it need not be…'a particular' sex-trafficking venture. Even if it were, it would take an additional inferential leap to conclude that Section 1595 requires knowledge of a particular victim of that particular venture." *Salesforce*, 76 F.4th at 556. Further, if the legislature "meant in Section 1595 that the participant must have had actual or constructive knowledge of the specific victim, it could have simply said so. It did not…. We see no reason to rewrite the statutory text by substituting 'the' for 'an'." *Id*. "[T]his distinction is crucial because […] the civil statute allows a plaintiff to plead that the defendant merely had constructive knowledge." *Doe #1 v. MG Freesites*, LTD, 2022 WL 407147, at *11 (N.D. Ala. Feb. 9, 2022).

A plaintiff's case survives a motion to dismiss if a defendant had either actual knowledge ("an awareness or understanding of a fact or circumstance") or constructive knowledge ("knowledge which one using reasonable care or diligence should have") that the "undertaking or enterprise violated the TVPRA as to the plaintiff." *Red Roof*, 21 F.4th at 725. A plaintiff need only allege that a defendant had constructive knowledge that the undertaking violated the TVPRA and injured the plaintiff. *Id*. As *Salesforce* correctly

4

held, evidence of deliberate indifference or actions of avoidance may be relevant to determining such knowledge:

> By way of analogy, a taxi service transporting trafficking victims on behalf of traffickers could claim that it lacked constructive knowledge where it knew that it was generally transporting trafficking victims so long as the drivers were shielded from seeing who specifically was in the back of their taxis. Or consider a prostitution ring that hires a construction company to build a better brothel, one that attracts more customers and is better insulated from the prying eyes of law enforcement. The contractor knows that the business is generally engaged in sex trafficking, but so long as the contractor does not know of any individual victim, it would be insulated from civil liability. In other words, the larger the sex-trafficking venture, the less likely a victim would be able to prove sufficient knowledge. Nothing in the statutory text requires such an odd result.

*Salesforce*, 76 F.4th at 557.

Furthermore, this case remains slightly distinct from *Red Roof* because in this case Plaintiff was a minor when she was victimized. Even in criminal prosecutions, "nothing in the Fifth Amendment requires the government to prove that [a defendant] actually knew the [victim was] underage. In fact, Congress likely could have eliminated the relevant mens rea altogether without triggering constitutional concerns." *United States v. Williams*, 564 F. App'x 568, 571 (11th Cir. 2014).

So too, "proving that the defendant had a reasonable opportunity to observe the minor victim" satisfies any burden under § 1591. *United States v. Whyte*, 928 F.3d 1317, 1322 (11th Cir. 2019). "Although there is a general presumption that a knowing mens rea applies to every element in a statute, cases concerned with the protection of minors are within a special context, where that presumption is rebutted." *United States v. Daniels*, 685 F.3d 1237, 1248–49 (11th Cir. 2012).

5

DATED:     September 18, 2023

/s/ Lisa D. Haba
Lisa D. Haba
THE HABA LAW FIRM, P.A.
1220 Commerce Park Dr., Ste. 207
Longwood, Florida 32779
Telephone: (844) 422-2529
lisahaba@habalaw.com

/s/ Jennifer Freeman
Jennifer Freeman
Margaret E. Mabie
MARSH LAW FIRM PLLC
31 Hudson Yards, 11th Floor
New York, New York 10001
Telephone: (212) 372-3030
jenniferfreeman@marsh.law
margaretmabie@marsh.law

Attorneys for Plaintiff