UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

| | |
|---|---|
| REGINA ALONSO,<br><br> Plaintiff,<br><br> v.<br><br>Google LLC, YouTube LLC, James JACKSON, also known online as "ONISION," and LUCAS JACKSON, formerly known online as "LAINEYBOT," "LAINEY" and "KAI,"<br><br> Defendants. | CASE No: 5:23-CV-91-JA-PRL |

**SUPPLEMENTAL AUTHORITY BRIEF
IN FURTHER SUPPORT OF MOTION TO DISMISS
<u>BY GOOGLE LLC AND YOUTUBE, LLC</u>**

Defendants Google LLC and YouTube, LLC (collectively, "YouTube") submit this brief to address the opinion of the divided Seventh Circuit panel in *G.G. v. Salesforce.com, Inc.*, 76 F.4th 544 (7th Cir. 2023) ("*G.G.*"). *See* Order (ECF No. 60). Though the ruling in *G.G.* is wrong—and squarely conflicts with Eleventh Circuit precedent—it has no bearing on this case. The panel's holding that § 230 did not apply to Salesforce says nothing about whether § 230 applies to YouTube, which it clearly does. Accordingly, the panel's broad reading of 18 U.S.C. § 1595 is irrelevant because under settled law, pleading a beneficiary-liability claim against an online publisher like YouTube requires allegations satisfying the strict standards for criminal liability under 18 U.S.C. § 1591, and Plaintiff has offered nothing here. But even if this Court was applying the standards for a § 1595 claim without § 230, it would be required to follow the Eleventh Circuit, not a contrary Seventh Circuit case. Either way, *G.G.* does nothing to save Plaintiff's § 1595 claim which should be dismissed.

## I. *G.G.* Arose from the Extreme Facts Surrounding Backpage.com, Which Have No Parallel to This Case.

The plaintiff in *G.G.* "ran away from home" at age 13 and was "picked up by a sex trafficker," who used the infamous (and now shuttered) website Backpage.com to advertise the plaintiff for prostitution. *G.G.*, 76 F.4th at 549. Plaintiff brought a sex trafficking claim against Salesforce, alleging that it "knowingly benefit[ed] … from participation in a venture [with Backpage] which

1

[Salesforce] knew or should have known was engaged in an act" of sex trafficking. *Id.* at 552 (quoting 18 U.S.C. § 1595(a)).

Critically, however, at least as relevant to *G.G.*, Salesforce was not a publisher of third-party content. Instead, Salesforce's alleged role in regard to Backpage was to "help[] Backpage operate its business, manage relationships with existing customers, market itself to new customers, and improve profitability." *G.G.*, 76 F.4th at 549-550. Salesforce allegedly did all this at a time when Backpage "had been publicly identified by law enforcement, United States Attorneys General, and every state Governor as the biggest and most notorious sex trafficking and pimping website in the United States." *Id.* at 549.

Based on these allegations, a divided Seventh Circuit panel held that § 230 did not apply to Salesforce because "Salesforce was simply not involved in any publishing." *Id.* at 567. Because it held that Salesforce was not protected by § 230, the Seventh Circuit did not address whether FOSTA (47 U.S.C. § 230(e)(5)(A)) limits sex trafficking claims against publishers of third-party content to cases where the computer service provider *itself* committed a criminal violation of 18 U.S.C. § 1591. *Id.* at 565 n.21; *see, e.g.*, *Does v. Reddit, Inc.*, 51 F.4th 1137, 1141 (9th Cir. 2022). Instead, Salesforce's liability was based solely on the civil provisions of § 1595. In applying that statute, the panel held that the plaintiff had plausibly alleged a violation, in part because it believed—in clear conflict with the binding precedent of this Circuit—that § 1591 does *not* require

the defendant to have "knowledge of a particular *victim*." *G.G.*, 76 F.4th at 556; *contra Doe 1 v. Red Roof Inns, Inc.*, 21 F.4th 714, 726 (11th Cir. 2021).

Judge Kirsch dissented. Based on his textual analysis of § 1595 and § 1591, he explained that "damages suits are available only when a plaintiff plausibly alleges that the defendant should have known that the venture engaged in her particular sex trafficking." *G.G.*, 76 F.4th at 568-569. Salesforce has filed a petition for rehearing en banc based on the conflict between *G.G.* and *Red Roof Inns* (among other things), and the Seventh Circuit has called for a response to the petition. *G.G.*, Case No. 22-2621, Doc. 50 (7th Cir. Aug. 23, 2023).

## II. *G.G.*'s Narrow Section 230 Holding Has No Bearing On The Very Different Allegations About YouTube In This Case.

As explained in YouTube's pending motion to dismiss, YouTube is protected by § 230 against claims that seek to premise liability on its publication of third-party content—which Plaintiffs' claims here clearly do. ECF No. 40 ("MTD") at 15-18. Nothing in *G.G.* suggests any different result.

The Seventh Circuit's § 230 holding was narrow and based on the particular role that Salesforce played. The panel found that Salesforce was not entitled to § 230 protection because it merely provided background business support to Backpage, but did not host or disseminate content that allegedly facilitated the sex trafficking. Thus, unlike Backpage itself, "Salesforce was simply not involved in any publishing." *G.G.*, 76 F.4th at 567. While this reasoning is questionable, it has no application here. YouTube is *clearly* a publisher of third-

3

party content, and Plaintiff seeks to hold YouTube liable in precisely that capacity—for its role in giving a platform to Onision, which he allegedly used to post harmful or offensive video content as part of an effort to lure Plaintiff into an attempted (off-platform) grooming scheme. Compl. (ECF No. 1) ¶¶ 14-17, 27, 35-38. Plaintiff's claims thus are premised on the idea that YouTube should have removed or made less prominent Onision's content (or terminated his channel outright) because it was "objectifying, offensive, and controversial." Compl. ¶ 14. This is the heartland of what § 230 protects, *e.g.*, *McCall v. Zotos*, No. 22-11725, 2023 U.S. App. LEXIS 14585, at *8 (11th Cir. June 12, 2023) (per curiam), and it bears no resemblance whatsoever to the scenario presented in *G.G.*

Nor can Plaintiff latch on to the panel's background statement that "Section 230(c)(1) does not create an immunity of any kind." *Salesforce*, 76 F.4th at 566 (cleaned up). Even in the Seventh Circuit, that does ***not*** mean that § 230(c)(1) cannot be applied at the pleading stage or that the statute does not protect interactive computer service providers against claims seeking to hold them liable for publishing third-party content. *See, e.g.*, *Chi. Lawyers' Comm. for Civ. Rights Under Law, Inc. v. Craigslist, Inc.*, 519 F.3d 666 (7th Cir. 2008) (affirming judgment on the pleadings based on § 230(c)(1)). In any event, it is settled in this Circuit that § 230 provides "statutory immunity" intended "to avoid the obvious chilling effect that would result from the specter of tort liability on service providers for millions of postings by third parties." *McCall*, 2023 U.S. App. LEXIS 14585, at *4 (cleaned up).

### III. Because Section 230 Applies, *G.G.*'s Broad Interpretation of Beneficiary Liability Has No Bearing On This Case.

Because § 230 applies to this case, the rest of the Seventh Circuit's decision—which addresses the scope of beneficiary liability under § 1595 in cases not covered by § 230—is irrelevant. Where § 230 applies, a plaintiff can state a § 1595 claim only if it fits into the narrow exception created by FOSTA, 47 U.S.C. § 230(e)(5)(A). "[F]or a plaintiff to invoke FOSTA's immunity exception, she must plausibly allege that the website's **own conduct** violated section 1591." *Reddit*, 51 F.4th at 1141 (emphasis added); *see also* MTD at 19-20. The *G.G.* panel did not address, much less alter, this established law. *See* 76 F.4th at 565 n.21. Nor did the Seventh Circuit say anything about the standard for pleading a claim based on a criminal violation of § 1591, which Plaintiff has not come close to meeting here. MTD at 11-15, 21-25. But even if this Court were to address the standard for a beneficiary claim under § 1595 without regard to § 230 and FOSTA, it would be required to follow the Eleventh Circuit's decision in *Red Roof Inns*, which requires "plausibl[e] alleg[ations] that the [defendant] **took part** in the common undertaking of sex trafficking," and "actual or constructive knowledge" of sex-trafficking "**as to the plaintiff**." 21 F.4th at 725-26 (emphasis added). A contrary Seventh Circuit ruling provides no basis for disregarding that binding law, under which Plaintiff's claim fails. MTD at 21-25.

### CONCLUSION

YouTube's motion to dismiss (or its motion to transfer) should be granted.

5

Dated: September 18, 2023   ZUCKERMAN SPAEDER LLP

By: */s/Nathan M. Berman*
 NATHAN M. BERMAN
 FBN: 0329230
 nberman@zuckerman.com
 101 E. Kennedy Blvd., Suite 1200
 Tampa, Florida 33602
 Telephone: (813) 221-1010
 Facsimile: (813) 223-7961

 WILSON SONSINI GOODRICH & ROSATI
 Professional Corporation

 BRIAN M. WILLEN (*pro hac vice*)
 bwillen@wsgr.com
 BENJAMIN MARGO (*pro hac vice*)
 bmargo@wsgr.com
 1301 Avenue of the Americas, 40th Floor
 New York, NY 10019-6022
 Telephone:  (212) 999-5800

 AMIT Q. GRESSEL (*pro hac vice*)
 agressel@wsgr.com
 One Market Street
 Spear Tower, Suite 3300
 San Francisco, CA 94105
 Telephone: (415) 947-2000

 *Attorneys for Defendants*
 *GOOGLE LLC and YOUTUBE, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 18, 2023, I electronically filed the foregoing with the Clerk of Court by using the Court's CM/ECF system thereby serving all registered users in this case.

<em>/s/ Nathan M. Berman</em><br>
Nathan M. Berman